STATE EX REL. IDA L. BUTTIGER, Relator, v. GEORGE F. HAID ET. AL., Judges of the St. Louis Court of Appeals.—51 S. W. (2d) 1008.

Division Two, July 1, 1932.

*Alroy S. Phillips, Robert C. Powell* and *Charles S. Sigoloff* for relator.

*William R. Schneider* and *J. J. Cooney* for respondent.

WHITE, P. J.—Certiorari to the St. Louis Court of Appeals.

That court reversed a judgment of the Circuit Court of the City of St. Louis affirming an award of the Workmen's Compensation Commission of $5,221.95 to the relator, widow of Paul F. Buttiger.

Paul Buttiger, in December, 1928, and after, was employed by Ely & Walker Dry Goods Company, as a packer. December 20, 1928, while so employed, a wooden box lid fell on his toe. He limped over to the foreman with his shoe in his hand and told him about the incident. For a time no serious results appeared; there was no break of the skin and no discoloration. His family did not think his injury

amounted to much. He continued to work as before without any serious inconvenience.

February 20, 1929, his toe began to hurt him. Up to that time there had been no swelling. He worked from the 20th to the 23rd of February, which was Saturday, returned to work Monday, February 25th, and worked until March 2nd. Mrs. Buttiger reported on the 4th that he was unable to go to work. The foot was badly swollen around the ankle. He could not get his shoe on. About the middle of March his employer learned the full details of the accident, and on March 18 reported it to the commission. The toe was amputated April 2, and later gangrene set in requiring amputation of the left leg April 23, and May 10 Buttiger died of gangrene. There was evidence to show that the gangrene was the direct result of the injury December 20, 1928. All these facts appear from the statement in the opinion of the Court of Appeals. That court summed up the evidence as follows:

"The testimony is uncontradicted to the effect that on the night of the accident, December 20th, there was no laceration or discoloration of the injured toe, and that both Buttiger and his family regarded the injury as trivial. This is corroborated by the packer boss, who testified that Buttiger worked regularly from December 20 until February 20, during which time he did his work as well as ever, and that he noticed nothing wrong with Buttiger's foot. Then, again, the employer's physician, who diagnosed the case as osteomyelitis, testified that the progress of that disease might be slow, without pain or noticeable symptoms for at least two months."

The Court of Appeals held evidence was sufficient to make out a case but reversed the judgment of the circuit court and remanded the cause for the reason stated, as follows:

' "We rule, therefore, that the finding of the facts made by the Workmen's Compensation Commission are not sufficient to support the award in that it is admitted that the statutory notice of the alleged accident was not given within thirty days after the happening of the accident, and there is no finding by the Commission that there was good cause shown for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice, for which reason the judgment of the circuit court affirming and approving the final award of the Workmen's Compensation Commission should be reversed, and the proceedings remanded to the circuit court, with directions to enter a judgment reversing and setting aside the award of the Workmen's Compensation Commission and remanding the proceeding to the commission upon the ground that the finding of facts made by the commission are not sufficient to support the award. It is so ordered.

I. The effect of the ruling of the Court of Appeals is that a general finding in favor of the claimant and an award of compensation must be supported by a specific finding of each fact necessary to support the award.

Section 3336, Revised Statutes 1929, is as follows:

"*Injured party must notify employer within thirty days—exception.*—No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, shall have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the commission shall find that there was good cause for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice. No defect or inaccuracy in such notice shall invalidate the same unless the commission shall find that the employer was in fact misled and prejudiced thereby."

The holding of the Court of Appeals is that no claim for compensation could be allowed without "written notice" to employer within thirty days after the accident, or a specific finding by the commission that "there was good cause for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice." This conclusion is reached although the evidence may conclusively show that there *was* good cause for failure to give the notice and that the employer was not prejudiced by failure to receive it.

Manifestly *actual* notice if received by the employer and acted upon would be sufficient proof that the employer was not prejudiced by the failure of "written notice" required by Section 3336. Likewise the fact that the *injury* did not appear until more than thirty days after the *accident* would be good cause for failure to give such notice within thirty days.

It is uniformly held that the award of a commission in such case has the force and effect of the verdict of a jury and in the same way becomes the basis for a court judgment. [State ex rel. Brewen-Clark Syrup Co. v. Workmen's Compensation Comm., 320 Mo. 893, 8 S. W. (2d) 897, l. c. 899; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) l. c. 604.] That has been followed many times by the courts of appeals. [Woods v. American Coal & Ice Co., 25 S. W. (2d) 144; Cotter v. Valentine Coal Co., 14 S. W. (2d) l. c. 662; Kinder v. Hannibal Car Wheel & Foundry Co., 18 S. W. (2d) 91.] The effect of such ruling is to give to a *general finding* of the commission the effect of a verdict of the jury; a general finding is like a general verdict.

The court must presume that the jury found every fact of which there was evidence, upon the issues properly submitted to the jury, necessary to support the verdict. [Smith v. K. C. So. Ry. Co.,

279 Mo. 173, l. c. 187, 213 S. W. 481.] That principle was applied by court en banc to the finding of the State Warehouse Commissioner (State v. Bradshaw, 313 Mo. l. c. 348), and to a judgment of the probate court (Hidden v. Edwards, 313 Mo. l. c. 666, 285 S. W. 462). If that principle applies here then the general finding of the commission necessarily implies the finding of every fact necessary to support the general finding. ▆ The commission could not have made the award without finding that there was good cause for failure to give the written notice, or that the employer was not prejudiced thereby, or both.

The Court of Appeals in the opinion states as a conclusion from the evidence: "We would be unable to rule as a matter of law that there was no good cause shown for the failure to give such notice and that the employer was not prejudiced by the failure to receive such notice." On the contrary the evidence seems conclusive that there was good cause for failure to give such notice in thirty days after the *accident*. It was two full months, February 20, 1929, after the accident December 20, 1928, before the injury was apparent. Then for the first time Buttiger and his family discovered that it was serious. The employer's physician, expert, diagnosed it as a case of osteomyelitis and testified that the progress of the disease was slow, without pain or noticeable symptoms for at least two months. The proof was undisputed. How then could a notice of the accident which caused the injury be given before the injury appeared? Furthermore there is no complaint anywhere that the employer was prejudiced by the failure to give notice. Directly the contrary appears from the evidence recited by the Court of Appeals. The burden would be upon the claimant to prove there was good cause for the failure to give notice. But whether the burden would be upon the plaintiff to prove the negative alternative that the employer was not prejudiced thereby we need not decide. The evidence was entirely sufficient for which the commission could find either or both of those alternatives in favor of the claimant. The commission could not have awarded the claim without such finding. We think the award implies a finding of the specific facts to support it.

▆ II. The above conclusion is reenforced by consideration of the general purpose of the Workmen's Compensation Act. Section 3374, Revised Statutes 1929, is as follows:

"Sec. 3374. *Law to be liberally construed.*—All of the provisions of this chapter shall be liberally construed with a view to the public welfare and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the commission, and they shall not be declared inoperative,

illegal or void *for any omission of a technical nature* in respect thereto.''

It is apparent that the ruling of the Court of Appeals is based upon an ''omission of a technical nature.'' A liberal construction must be applied to each section of the Act. Section 3339, Revised Statutes 1929, provides:

''All evidence introduced at any such hearings shall be reported by a competent stenographer appointed by the commission. The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of the proceedings.''

There is no direction that the commission *shall* make a specific finding of facts. The section requires that ''the award, together with a statement of the findings of fact'' *shall* be filed with the record. It may be said that the necessity of a finding of fact is implied, because such finding must be *filed,* yet it might merely mean if a finding *is made* it must be filed. The expression is therefore ambiguous. At any rate a ''liberal construction'' would make the implication directory and not mandatory. The failure to make it would be a technical omission which, in this case could not affect the merits of the case.

Section 3342 provides the duty of the circuit court, as follows:

''Upon appeal no additional evidence shall be heard and in the absence of fraud, the finding of fact made by the commission within its powers shall be conclusive and binding.''

If the award is conclusive upon the commission it is conclusive as to every fact necessary to sustain it, provided there was evidence to support it. That section continues: ''The court, on appeal, shall review only questions of law . . .''

It can make no finding of fact, and can ''modify, reverse, remand for rehearing or set aside the award upon any of the following grounds and *no other*:

''1. That the commission acted without or in excess of its powers.

''2. That the award was procured by fraud.

''3. That the facts found by the commission did not support the award.

''4. That there was not sufficient competent evidence in the record to warrant the making of the award.''

Apparently the ruling of the Court of Appeals turned upon the interpretation of Paragraph 3, that the facts found by the commission do not support the award. That court thereby held that the commission must make an affirmative specific finding of every fact necessary to authorize the award in order to make the award valid,— an interpretation directly contrary to the language of Paragraph 3:

''*That the facts found by the commission do not support the award.*''

It is the *finding* of facts, not the *failure* to find facts, which would defeat the award. Section 3342 declares that a court may set aside the award, not because the commission *failed to find facts* which would support it, but because the commission *found facts* which would *not* support it. It must be an affirmative finding of facts which would make the award improper; facts inconsistent with the award.

Even if Paragraph 3 be considered ambiguous a liberal construction "with a view to the public welfare" and a *"substantial compliance therewith,"* without regard to "any omission of a *technical nature"* would prevent the construction given the Act by the Court of Appeals.

In our view, however, Paragraph 3 is not ambiguous but plainly declares that it must be a finding inconsistent with the award which would defeat the latter. This conclusion is reenforced by the language of Paragraph 4, "That there was not sufficient competent evidence in the record to warrant the making of the award."

The court must examine the evidence in order to find if it is competent and sufficient to support the award, just as the court would examine the evidence required to support a verdict of a jury. If the competent evidence is conflicting, the finding of facts by the commission is conclusive upon the court. If the finding is contrary to the award the award must be set aside. If the finding is consistent with the award the award must stand.

It must be remembered that the commission is not a judicial body nor necessarily composed of experts in legal phrasing. The commission cannot be expected to express its findings with the precision and completeness of legal documents, prepared by lawyers.

The liberal construction required by Section 3374, the sufficiency of "substantial compliance" with requirements of the statute, the spirit and purpose of the Workmen's Compensation Act to afford speedy, inexpensive and adequate relief to injured employees without the service of legal experts, all this would be defeated if we should allow an "omission of a technical matter," such as occurred here, to defeat a just conclusion on the manifest merits of the claim.

The record of the Court of Appeals is quashed. All concur.