STATE OF MISSOURI at the relation of ANNA PROBST, Attorney in Fact for ANNA SCHRAMMEL, Widow of FRANK SCHRAMMEL, Relator, v. GEORGE F. HAID and WILLIAM DEE BECKER, Judges of the St. Louis Court of Appeals.—62 S. W. (2d) 869.

Division One, August 3, 1933.

*Mason & Flynn* and *S. F. Pinter* for relator.

*John M. Goodwin* for respondents.

HYDE, C.—This is a proceeding in certiorari to quash the opinion of the St. Louis Court of Appeals in Probst v. St. Louis Basket & Box Company, 52 S. W. (2d) 501. The Court of Appeals reversed the judgment of the circuit court and remanded the cause with directions to enter judgment affirming an award of the Workmen's Compensation Commission, denying compensation. The action of the Commission and the circuit court is stated in the opinion of the Court of Appeals as follows:

"The commissioner who originally heard the claim denied compensation on the ground that 'the claimant failed to prove that the accident causing employee's death arose out of and in the course of his employment.'

"Upon review by the full commission, a finding was made that 'at the time of the accident the belt to which claimant alleges the deceased was to help hold on the machine was securely held on by guards, and there was no occasion for anybody to go upon the machine and hold said belt, and the employee did not go on said machine for any purpose connected with or related to his employment. Therefore said accident did not arise out of his employment,' and the commission denied compensation.

"On appeal the circuit court reversed the award of the commission and remanded the cause, and in due course defendants below bring this appeal."

The situation at the box company's plant prior to the injury resulting in the death of John Schrammel, for which compensation was sought, is disclosed by the evidence set out in the opinion of the Court of Appeals, as follows:

"There is testimony, which, if believed, tends to prove that the deceased, on the night in question, was in the employ of the defendant box company, and that it was his duty to remove material from a drying machine located on the employer's premises. The drying machine was in excess of one hundred feet long and about eight and one-half feet in height. On the top of the dryer there were certain pulleys connected by belts which were run by motor, which operated the drying machine. Veneer was placed in the dryer at one end by a co-laborer of Schrammel and taken out of the machine

at the other end by Schrammel and placed upon a truck. When that truck was loaded it was Schrammel's duty to remove the truck and bring another truck up in place to be loaded.

"There is testimony further to support a finding that no duty of Schrammel's employment required him to get on top of the dryer, and that prior to the night in question he had never been known to get on top of any of the dryers, and that on the night in question no one ordered or requested him to get on top of the dryer. There is testimony also which, if believed, tends to prove that some weeks prior to the night of the alleged accident to Schrammel, wooden uprights had been placed on top of the particular dryer at which Schrammel was working, in juxtaposition to a belt which was stretched across two pulleys; that these uprights had been erected to prevent the belt from slipping off the pulleys when the motor, which ran the dryer, was started; that it had been necessary, before those uprights had been erected, for some one to hold this belt in place when the motor was started, but that, after the erection of the uprights, the belt would no longer slip off and no one was therefore required to hold the belt. . . .

"Fred Poeling testified that he was the day foreman of the plant and that some six weeks prior to the time that Schrammel met with the accident wooden guards had been put on to keep the belt from slipping off; that the guards were in proper position on this night; and that there was no occasion for anybody to go on top of the dryer to hold the belt."

Concerning the events of the night of Schrammel's injury the opinion of the Court of Appeals states the evidence as follows:

"John Bante, the night foreman in charge of the plant, on that night, prior to starting the motor of the dryer, said to a laborer named McKnight; 'Go on top of the dryer and look at the belt.' Q. Was it necessary for anybody to go up there and hold that belt to keep it from coming off the pulley? A. No, sir; it was not necessary. Q. Did you tell McKnight on this evening to hold the belt? A. No, sir; I didn't tell him to hold the belt. I told him just to look around. Q. For what purpose? A. Because I could not see from below how the belts run. Then I called up to McKnight, 'everything all right?' 'Yes.' Q. Did you at any time see Schrammel on top of the dryer that evening? A. No, sir. Q. Did you ever send Schrammel on top? A. No. Q. Did you tell him on this evening to get on top? A. No. Q. Was it his duty to go on top and look at the belt? A. No, he had nothing to do with that. Q. What was the first you knew of Schrammel getting hurt? A. I had gone out and when I come in again I heard McKnight hollering, 'Oh, John; oh, John;' that was about a half an hour. . . .

"David Roth testified that he was an engineer employed by the defendant basket company, and looked after the engine and steam

lines; that he saw McKnight up on top of the dryer the whole time he was up there; that he saw that the two upright guards were in position; that McKnight did not touch the belt while he was up there; *that he was looking at him all the time, and that Schrammel was not up on top of the dryer;* that, while McKnight was on top of the dryer John Brande started the motor, and after the machine was running, Brande said to McKnight, 'Is everything all right?' and, McKnight, after signifying that everything was all right, started to walk 'on that way about twenty feet, and he hollered for an extension light—walking toward where *that man had fallen down, but nobody seen him. He wasn't there at the time that machine was started.'* ('Our italics.)

"Examining the testimony of McKnight, who testified on behalf of the claimant, we find some testimony supporting the finding of the commission, namely, that when Schrammel reported for work he 'noticed he was full . . . intoxicated. . . . that he was staggering.' Further, that when he, McKnight, went on top of the dryer Schrammel was still down on the floor and that he did not hear anybody tell Schrammel to get on top of the dryer; that he had never before seen Schrammel on top of one of the dryers, nor had he ever heard Brande or anyone else tell Schrammel to get on top of the dryer. . . .

"We note, however, that there is the testimony of .McKnight that, after he had gotten up on the dryer, *he discovered that Schrammel had come up on top, and that he requested Schrammel to hold on one end of the pulley,* after which Schrammel had walked over toward the ladder at the southwest corner of the dryer, and that when next he, McKnight, saw Schrammel he was some six or eight feet distant from the ladder and in the act of falling off the dryer." (Italics ours.)

The Court of Appeals held that the judgment of the Commission must be affirmed because there was sufficient evidence in the record to support the finding of the Commission that the accident which resulted in Schrammel's death did not arise out of his employment, saying:

"The sole question before us on this appeal is whether or not there is sufficient competent evidence in the record to sustain the finding of the commission that Schrammel did not die as the result of an accident arising out of his employment.

"It is conceded that the commission's finding that Schrammel did not die as the result of an accident arising out of his employment is a finding of fact and not a conclusion of law; a finding in the nature of a special verdict, and conclusive upon appeal, if supported by sufficient competent evidence. [Leilich v. Motor Car Co. (Mo.), 40 S. W. (2d) 601; Rolens v. Const. Co. (Mo. App.), 24 S. W. (2d) 1077; Kinder v. Hannibal Car Wheel & Fdry. Co. (Mo. App.), 18 S. W. (2d) 91.]

"In determining whether the commission's award was justified by the evidence, on appeal the court considers only evidence most favorable in support of such award, together with all reasonable inferences which may be drawn therefrom to support the conclusion of the commission, and disregards any unfavorable testimony where it is contradicted by evidence supporting the conclusion of the commission. [Jones v. Century Coal Co. (Mo. App.), 46 S. W. (2d) 196; Schulte v. Tea & Coffee Co. (Mo. App.), 43 S. W. (2d) 832.]

. . .

"While there is a conflict of testimony, yet there is sufficient competent testimony which, if believed, supports the finding of the commission that claimant failed to prove that the accident causing Schrammel's death arose out of his employment. [Smith v. Merc. Co. (Mo. App.), 14 S. W. (2d) 470; Cassidy v. Eternit, 326 Mo. 342, 32 S. W. (2d) 75; Bise v. Tarlton (Mo. App.), 35 S. W. (2d) 993.]"

Relator filed a motion for rehearing contending, as it does here, that the facts found by the Commission do not support the award and that the opinion of the Court of Appeals is in conflict with the opinion of this court in the case of Ransdell v. International Shoe Co., 329 Mo. 47, 44 S. W. (2d) 1. The Court of Appeals overruled this motion in a written opinion in which it said:

"It is urged that the facts found by the commission, namely, that at the time of the accident the belt which claimant alleges deceased was to help hold on the machine was securely held on by guards, and that there was no occasion for anybody to go upon the machine to hold said belt, and that the employee did not go on same for *any purpose* connected with or related to his employment, 'do not support the award.' Certainly, in our view, these facts so found by the commission, are not inconsistent with, but do support, the award.

"What the respondent really seeks to contend for is that the award cannot be sustained because the commission has failed to set out in its finding of facts every fact necessary to authorize the award in order to make the award valid. This contention, however, has been specifically ruled adversely by our Supreme Court in the recent case of State ex rel. Buttiger v. Haid (Mo.), 51 S. W. (2d) 1008."

Appellant's principal contention here is that the Court of Appeals' opinion is in conflict with the Ransdell case. The trouble with relator's contention is that it is based upon the assumption that the facts of this case are as relator contended they were, before the Commission. Relator takes from the evidence the facts most favorable to that contention and argues, from the premise that they are the true facts, that the Commission in its finding and the Court of Appeals in upholding its finding violated the rule laid down in the Ransdell case. A finding that the accident did not arise out of Schrammel's employment would conflict with the Ransdell case, if

we had, established, the case which relator attempted to make, namely: That Schrammel followed McKnight to the top of the dryer when the foreman ordered it started; that McKnight asked him to hold the belt; and that he did so and then, after it began to work properly, on his way down, fell and was injured. That is not the situation here.

■ Relator says that the Commission made no finding that these were not the facts; that, therefore, it must be taken as conceded that the Commission found that Schrammel was asked by McKnight to hold the belt and did hold it; and that the Commission found that the accident did not arise out of Schrammel's employment solely because "at the time of the accident the belt to which claimant alleges the deceased was to help hold on the machine was securely held on by guards, and there was no occasion for anybody to go upon the machine and hold said belt." This contention of relator, however, disregards the rest of the Commission's positive finding that "*the employee did not go on said machine for any purpose connected with or related to his employment.*" It likewise disregards the further general finding of both the referee and the full Commission of the ultimate fact to be decided (Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) l. c. 604) that the accident which caused Schrammel's death did not arise out of his employment. It also disregards the rule stated by this court in State ex rel. Buttiger v. Haid, supra, referred to in the opinion of the Court of Appeals overruling relator's motion for rehearing, which the Court of Appeals followed in deciding this case, to-wit:

"The court must examine the evidence in order to find if it is competent and sufficient to support the award, *just as the court would examine the evidence required to support a verdict of a jury.* If the competent evidence is conflicting, the finding of facts by the commission is conclusive upon the court. If the finding is contrary to the award, the award must be set aside. If the finding is consistent with the award, the award must stand." (Our italics.)

The Buttiger case was a certiorari proceeding in which this court quashed an opinion of the St. Louis Court of Appeals, concerning which it said:

"'The effect of the ruling of the Court of Appeals is that a general finding in favor of the claimant and an award of compensation must be supported by a specific finding of each fact necessary to support the award."

This court held that such a specific finding of each fact necessary to support the Commission's general finding and award was not required, saying:

"It is uniformly held that the award of a commission in such case has the force and effect of the verdict of a jury, and in the same way becomes the basis for a court judgment. . . .

"The court must presume that the jury found every fact of which there was evidence, upon the issues properly submitted to the jury, necessary to support the verdict. . . . If that principle applies here, then the general finding of the commission necessarily implies the finding of every fact necessary to support the general finding. . . .

"There is no direction that the commission shall make a specific finding of facts. . . .

"Apparently the ruling of the Court of Appeals turned upon the interpretation of paragraph 3 (Sec. 3342, R. S. 1929), that the facts found by the commission do not support the award. That court thereby held that the commission must make an affirmative specific finding of every fact necessary to authorize the award in order to make the award valid—an interpretation directly contrary to the language of paragraph 3: 'That the facts found by the commission did not support the award.'

"It is the finding of facts, not the failure to find facts, which would defeat the award. Section 3342 declares that *a court may set aside the award, not because the commission failed to find facts which would support it, but because the commission found facts which would not support it.* It must be an affirmative finding of facts which would make the award improper; facts inconsistent with the award." (Our italics.)

This court after quashing the opinion of the Court of Appeals in the Buttiger case, because it announced a rule opposite to that just stated, cannot now, after the Court of Appeals has very carefully, in this case, followed the opinion of this court in the Buttiger case, quash its opinion because it did do so in determining whether the award of the Commission could be upheld. It is also apparent that the Court of Appeals was correct in holding that the facts which the Commission did find are not inconsistent with the award. As said in the Buttiger case, supra, in considering the finding of the Commission:

"It must be remembered that the commission is not a judicial body nor necessarily composed of experts in legal phrasing. The commission cannot be expected to express its findings with the precision and completeness required of legal documents, prepared by lawyers."

In determining the facts upon which the finding of the Commission must be based in order to stand we must note that there was a direct conflict between the testimony of McKnight (relator's witness) and the company's witnesses. According to McKnight, Schrammel followed him up to the top of the dryer. According to the others, Schrammel was not on the dryer at any time while McKnight was there or after the motor was started, but had been up there and had fallen off before that. Of course, Schrammel did go on the dryer

since he fell off of it. The question upon which the right to compensation must be decided is: Did he go there for a purpose purely his own, having no relation to the starting or operating of the machine and before that took place, or did he go there after it was started and to assist McKnight? To find the ultimate fact as to his purpose that Schrammel *"did not go on said machine for any purpose connected with or related to his employment,"* and that the *"accident did not arise out of his employment"* it was necessary for the Commission to find that he did not go on the dryer to hold the belt; that he was not asked to hold the belt; that he did not hold it; and that he did not go there for any purpose connected with or related to starting or operating the machine. Following the rule stated in the Buttiger case, the opinion of the Court of Appeals means that such findings are necessarily implied. Likewise, the ultimate facts found are not inconsistent with but do support the award.

■ Perhaps this court's opinion in the Buttiger case goes too far in intimating that the Commission is not required to make any finding of facts. We think that a finding of at least the ultimate constitutive facts (as distinguished from evidentiary facts) about which there is conflicting evidence, is contemplated by Section 3339, Revised Statutes 1929, which provides: "The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings." As this court said in Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) l. c. 604, Section 3339, Revised Statutes Missouri, 1929, "evidently contemplates that the facts to be found and embodied in a statement shall be the ultimate constitutive facts upon which the award can be predicated as a conclusion of law. From such statement facts which are merely evidentiary should, therefore, be excluded. . . . That there was an accident, as defined by the act, and that it arose out of and in the course of the employment, were findings of fact, and not conclusions of law; they were ultimate facts." ■ Undoubtedly, if any party feels that the Commission's findings of facts are not clear, leave the reason for its conclusion and award in doubt or should be amplified for any other reason, he should ask· the Commission to modify them by making additional findings instead of complaining in the appellate court that findings of fact, which are not inconsistent with the result reached, do not contain a finding concerning all disputed questions of fact which must necessarily have been decided in order to make and support the award.

■ In the Ransdell case the facts were conceded. · There was no dispute about the fact that the injured employee went to the machine operated by an inexperienced operator to determine if the machine was sufficiently heated to perform the work and. was injured while aiding her fellow employee and while performing a natural

service to her employer. In this case, as pointed out by the Court of Appeals in its very complete statement of the evidence, there was ample substantial testimony to support the finding, which must be implied from the general finding which the Commission made (unless we first overrule the Buttiger case), that Schrammel did nothing on top of the dryer in aid of his fellow employee, did not intend to, and did not attempt to do anything "for any purpose connected with or related to" the starting or operation of the dryer. It is evident that the preponderance of the testimony seemed that way to the referee and that the Commission believed the testimony of the company's witnesses rather than the conflicting testimony of relator's only witness. If that testimony was true, we have a case which, instead of being like the Ransdell case, is just the opposite of it; a case where the injured employee was not aiding a fellow employee and was not performing any service to his employer but was wandering around where his duties did not require him to be, for some other purpose.

Relator refers also to Crutcher v. Curtiss-Robertson Airplane Mfg. Co., 331 Mo. 169, 52 S. W. (2d) 1019. However, there the Commission found that Crutcher "sustained an accidental injury arising out of and in the course of his employment, resulting in his immediate death" and this finding was sustained by substantial evidence. We also note that in the Crutcher case the Commission after making its finding of total dependency of Crutcher's minor daughter gave an erroneous reason therefor in its "Statement of Facts and Rulings of Law;" and that this court said: "Among the commission's findings of fact was one that claimant was a total dependent. We have just held that this finding was supported by substantial competent evidence before the commission, and it warrants the award made. To hold that it should be set aside merely because of such a misapplication of law not affecting the result, or because in its 'Statement of Facts and Rulings of Law' the commission omitted to recite its previous finding of total dependency, would be violative of Section 76 of the act (Laws 1927, p. 522, Mo. St. Ann., sec. 3374)." Relator also cites Schulz v. Great Atlantic & Pacific Tea Co., 331 Mo. 616, 56 S. W. (2d) 126, which, however, was decided after the Court of Appeals decided the present case. But there this court held that the Commission did not decide against claimant on a question of fact because there was no evidence in the case upon which it could have done so. The question for decision there was whether upon the facts conclusively shown by the evidence there was an accident arising out of the deceased's employment. The case before us is different because the facts were not conclusively shown by the evidence, but, instead, there was conflicting evidence as to the facts and in order to decide against relator the Commission had to decide against

relator on a question of fact. We must, therefore, presume that the Commission did that.

■ Relator further contends that there is a conflict between the opinion of the Court of Appeals and this court's decision in Neville v. D'Oench, 327 Mo. 34, 34 S. W. (2d) 491, because of the amendment the employer was permitted to make in its answer, changing an admission that the accident came within the act to a denial that it did. The case cited is not in point and this contention is ruled against relator. [See Secs. 3338, 3339 and 3349, R. S. 1929.]

The opinion of the St. Louis Court of Appeals in Probst v. St. Louis Basket & Box Company et al., 52 S. W. (2d) 501, is therefore not in conflict with our decisions but, on the contrary, that court has carefully followed and applied the rule stated by this court governing Workmen's Compensation cases in State ex rel. Buttiger v. Haid, supra, and other cases herein cited.

Our writ of certiorari is ordered quashed. *Ferguson, C.,* concurs; *Sturgis, C.,* dissents.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.