SPURGEON E. HICKMAN, EMPLOYEE AND CLAIMANT, APPELLANT, v. METROPOLITAN LIFE INSURANCE COMPANY, EMPLOYER, TRAVELERS INSURANCE COMPANY, INSURER, RESPONDENTS.—185 S. W. (2d) 840.

Springfield Court of Appeals. February 15, 1945.

*Dale Tourtelot* for appellant.

590

*Spencer & McPherson, R. K. McPherson* and *N. E. Jones* for respondents.

BLAIR, P. J.—This is a Workmen's Compensation Commission case. It was heard in the first instance by Referee Francis Kinder, of the Workmen's Compensation Commission. It was then reviewed by the Commission itself. Not satisfied with the award of the Commission, the injured employee (appellant here) took an appeal to the Circuit Court of Jasper County. That Court affirmed the order of the Workmen's Compensation Commission, and the injured employee appealed from the Circuit Court of Jasper County to this court.

There is no question that appellant was injured in Joplin, Missouri, by an automobile collision on the streets of that city, on March 3, 1942, while employed by the Metropolitan Life Insurance Company, and that he was then and there engaged in the business of said Metropolitan Life Insurance Company, and sustained certain injuries; nor

is there any question that the Travelers Insurance Company was the insurance carrier and, as such, liable under the laws of this State and its contract to pay whatever appellant was entitled to receive, on account of said accident. As the main controversy appears to be between such insurance carrier and appellant, we will hereafter refer to such insurance carrier as respondent, unless we state otherwise.

The question in the case is whether or not the Workmen's Compensation Commission awarded appellant a sufficient amount for the injuries he now claims were inflicted upon him in such collision. Appellant, in his original claim, contended for an injury to his back in such collision, and, while the Workmen's Compensation Commission did not especially disallow this claim, it confined its award to other injuries, loss of time, etc. The question before us, therefore, is, was the Workmen's Compensation Commission justified in its award, and did the Circuit Court of Jasper County err in approving such award.

We do not understand that either the circuit court or this court can review the evidence and make an original order on the facts, any more than such courts can disturb the finding of a jury in a case where the facts under a legally unobjectionable instruction are properly submitted to a jury.

Respondent says that the Missouri courts have never passed on the question as to whether the Workmen's Compensation Commission must make a specific finding on each and every injury claimed in a Workmen's Compensation case. Appellant cites no authority otherwise. We will assume that respondent is correct in this.

Respondent says:

"The general rule is that in appeal from an award of the Workmen's Compensation Commission the findings are in the nature of a special verdict, and as such are binding and conclusive, if supported by any substantial competent evidence.

"Questions of burden of proof or preponderance of evidence are not for the appellate court." [Leilich v. Chevrolet Motor Company, 40 S. W. (2d) 601.]

This court has said in King v. F. W. Woolworth Co. et al., 132 S. W. (2d) 668:

"In determining whether the Commission's award is justified by the evidence, the reviewing court will look only to the evidence most favorable to the award, together with all reasonable inferences that may be drawn therefrom that seem to support the award and must disregard all opposing and unfavorable evidence; and this is true even though the finding of the Commission to the contrary would also have been supported by the evidence; and that the weight of the evidence and the credibility of the witnesses are for the Commission to determine."

In passing on omissions in the proof, our Supreme Court, in State ex rel. Buttiger v. Haid, 51 S. W. (2d) 1008, said:

". . . the general finding of the commission necessarily implies the finding of every fact necessary to support the general finding."

In State ex rel. Probst v. Haid, 62 S. W. (2d) 869, our Supreme Court said:

"Following the rule stated in the Buttiger case, the opinion of the Court of Appeals means that such findings are necessarily implied. Likewise, the ultimate facts found are not inconsistent with but do support the award."

In spite of the positive testimony of appellant that he suffered pain and injury in his back from, or soon thereafter, the collision, and in spite of appellant's testimony that he had suffered no such pain prior to the collision, the Workmen's Compensation Commission made him allowances only for injury to his left hand and injury to his head and said nothing about what it found as to claimed injuries to appellant's back.

On the hearing before the Referee of the Workmen's Compensation Commission on March 25, 1943, Dr. J. R. Kuhn, Jr., among other things, admitted on cross-examination, writing a letter to respondent on June 18, 1942, more than three months after the collision, in which he expressed the opinion that "there was no permanent disability to Mr. Hickman, either to his hand or to his back?" (This was in response to a question of respondent's attorney.) In this letter he stated, "in view of the type of injury I see no reason why there should be any permanent disability. I also believe that the sensation will return to his hand within a year. This loss of sensation does not impair the function of his hand, however, it is annoying."

The letter referred to was Exhibit "A", and, omitting all but the body thereof, was as follows:

"I have completed the examination of Mr. Hickman. I find that there is a loss of sensation distal to scar for about one-fourth inch. I believe here is a loss of grip in the hand at the present time of about 25%. This is only a temporary loss and in my opinion Hickman should regain complete control and use of his hand within a year.

"In view of the type of injury I see no reason why there should be any permanent disability. I also, believe that the sensation will return to his hand within a year. This loss of sensation does not impair the function of his hand, however it is annoying."

Dr. Kuhn had previously testified before Commissioner Kinder that appellant had a serious condition in his back, and gave it as his opinion, in view of appellant's activities prior to said collision, that such condition in appellant's back *could* have been caused by the collision. But no physician undertook to testify that such condition of appellant's back *was caused by such accident.*

Dr. B. E. De Tar had testified before Referee Kinder, of the Workmen's Compensation Commission, that,

"His chief complaint at that time was loss of use of his left hand, and stated that he had a loss of grip in the hand, and was unable to carry anything in the left hand, and that he had a loss of sensation in portions of the fingers of the left hand, and he also stated that the scar on his forehead was disfiguring."

and also, on further cross examination, as follows:

"Q. On June 13, 1942, did Mr. Hickman make any complaint to you as to the injury of his back? A. Made no complaint to his back."

On his application for allowance of further evidence before the Workmen's Compensation Commission, appellant included a copy of letter from Dr. C. Wm. Poor, dated March 18, 1943. In that letter Dr. Poor stated, in conclusion, "Whether the present condition is due primarily to his auto accident or whether it is an aggravation of a pre-existing lesion I am unable to say, but I do believe he has a permanent back disability."

No one can say from this record whether the back condition, denied by respondent in its answer, but undoubtedly serious, according to appellant's evidence, was caused by the automobile accident. The finding of the Workmen's Compensation Commission on its final award that, "12. Parts of body injured by accident: Left hand and head," is tantamount to a finding that the back condition was not due to the accident.

We have examined Schrabauer v. Schneider Engraving Product, Inc., et al., 25 S. W. (2d) 529, by the St. Louis Court of Appeals, l. c. 535, and find nothing in that case that even suggests that the Workmen's Compensation Commission must make a specific finding on each injury claimed. That case does nothing further than to say that *jurisdictional* matters, such as notice of accident and timeliness thereof, should be decided by the commission. Even in that case and without such explicit findings on jurisdictional facts, the award of the Commission was affirmed.

The circuit court was justified in finding that the final award of the Workmen's Compensation Commission was supported by the evidence and in affirming such award.

It is, therefore, our order that the judgment of the trial court should be affirmed. *Fulbright, J.,* concurs; *Vandeventer, J.,* not sitting.