## GENERAL MOTORS CORPORATION v. HOLLER.

### No. 13568.

Circuit Court of Appeals, Eighth Circuit.

Jan. 9, 1948.

See, also, 150 F.2d 297.

Aubrey B. Hamilton, of St. Louis, Mo. (Boyle, Priest & Elliott, of St. Louis, Mo., on the brief), for appellant.

William Kohn, of St. Louis, Mo. (Ford W. Thompson, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The question for determination is whether a common law action to recover damages arising from alleged occupational disease is barred by the Missouri Workmen's Compensation Act, Mo.R.S.A. § 3689 et seq.

Prior to the trial of the cause on the merits, the Court overruled the defense that a prior proceeding before the Missouri Workmen's Compensation Commission was a bar to plaintiff's recovery in this action. The cause was later tried before the Court and a jury, resulting in a judgment in favor of plaintiff for $7500. Only the propriety of the Court's ruling, to the effect that the proceedings before the Compensation Commission and the Missouri Workmen's Compensation Act did not bar this common law action, is presented for determination.

The parties will be referred to as they were designated in the trial court.

Plaintiff was employed at defendant's Chevrolet Motor Company of St. Louis and its Fisher Body St. Louis Company from January 20, 1922, until February 26, 1935, as a metal finisher. On the latter date he collapsed while at work and after that date performed no work for defendant. On April 17, 1936, he filed a claim with the Missouri Workmen's Compensation Commission (which will hereafter be referred to as the Compensation Commission), on a printed form, the pertinent portions of which claim are as follows:

"1. Claim is hereby made as follows for compensation as provided in the Missouri Workmen's Compensation Law, for personal injury (or death) of the employee by arising out of and in the course of his employment, both employer and employee having elected to accept said Law before and at the time of the injury.

"2. Names and addresses of all claimants. Arthur Holler 2149 Oak Avenue, (Welleston,) Missouri.

"3. Names and addresses of all employers. Fisher Body Co., 3707 N. Union.

\* \* \* \* \* \*

"10. Did injury result in death. No. \* \* \*

"11. Parts of body injured. Lungs, chest, heart, stomach and internal organs.

\* \* \* \* \* \*

"14. Exact nature of any permanent injury. Undetermined.

"15. How injury happened, cause, and work employee was doing for employer at the time. As result of inhalation of noxious and poisonous gases, dusts, vapors, and fumes in course of his employment, employee contracted an occupational disease as above outlined.

\* \* \* \* \* \*

"20. Claimant's Signature (signed) Arthur Holler"

On June 26, 1936, a hearing was held on the claim by the Compensation Commission. On the day set for the hearing, plaintiff and his counsel (who were not the same counsel who filed this action) and defendant's present counsel reached a compromise settlement which was reported to the Compensation Commission. By this settlement, plaintiff agreed to accept $500 in full settlement of his claim. A memorandum was thereupon made for the Commission's records, as follows:

"By Commissioner Shaw:

"It is stipulated that the above named Employee through his attorney filed a Claim for Compensation with the Missouri Workmen's Compensation Commission on April the 17th, 1936, claiming that he is entitled to compensation for disability which he suffered while working for the above Employer during the month of February, 1935.

"This case was set down on this date for Hearing for the purpose of determining whether or not this Employee was entitled to compensation as a result of the disability he alleges to be suffering with at this time.

"The interested parties have appeared before the Commission this date and have agreed to settle this case on a Compromise basis as provided by Section 3333 of the Revised Statutes of Missouri, 1929 [Mo. R.S.A. § 3723].

"The reason for this Compromise Settlement being that the Employer denies that this Employee's disability was a result of or due to his employment with said Employer. In this Compromise Settlement the Employer has agreed to pay the Employee the sum of Five Hundred Dollars ($500.00), said amount to be paid at once in one lump sum.

"It has been thoroughly explained to the Employee and to his attorney that by accepting this Five Hundred Dollars on this

Compromise basis it will be a full and complete and final settlement and all compensation that the said Employee will be entitled to as a result of this alleged condition regardless of what his condition may be in the future.

"Commissioner Shaw: Mr. Herr, as attorney for the Employee have you explained to him and does he understand, that this is a full and complete settlement for all compensation that he will be entitled to as a result of this alleged disability?

"Mr. Herr: Yes, sir.

"Commissioner Shaw: You understand that do you Mr. Holler?

"Mr. Holler: Yes, sir.

"Commissioner Shaw: Your name is Holler?

"Mr. Holler: Yes, sir.

"Commissioner Shaw: You understand this is a full and complete settlement?

"Mr. Holler: I understand that.

"Commissioner Shaw: You understand that?

"Mr. Holler: Sure.

"Approved this 26th day of June A. D. 1936.

"Missouri Workmen's Compensation Commission.

"By:———— (unsigned)
"Commissioner."

The Commissioner who held the hearing made the following endorsement on his Hearing Minute Sheet:

"Can settle as per stipulation set tracer for final receipt. O.H.S."

Plaintiff thereafter refused to accept the settlement and this action was filed on October 14, 1936.

Section 3723, Revised Statutes of Missouri 1939, Mo.R.S.A., authorizes the making of voluntary agreements in settlements of claims cognizable by the Compensation Commission. It further provides, however, that no agreement of settlement or compromise of any dispute or claim for compensation under the Act shall be valid, "until approved by the commission", and that the Commission shall not approve any settlement which is not in accordance with the rights of the parties.

█ The provisions of the Missouri Workmen's Compensation Act are to be liberally construed and the awards of the Commission shall not be declared inoperative, illegal or void for any omission of a technical nature. Sec. 3764, Revised Statutes of Missouri 1939, Mo.R.S.A., Newman v. Rice-Stix Dry Goods Co., 335 Mo. 572, 73 S.W.2d 264, loc.cit. 269, 94 A.L.R. 751.

█ A general finding and award by the Commission implies a finding of every fact necessary to support such general finding. Staten v. Long–Turner Const. Co., Mo. App., 185 S.W.2d 375, loc.cit. 381; Morrison v. Terminal R. R. Ass'n, Mo.App., 57 S.W.2d 775. Specific findings of each fact necessary to support a general finding and award are not required. State ex rel. Probst v. Haid, 333 Mo. 390, 62 S.W.2d 869, loc.cit. 872.

█ In Maxwell v. Kurn, Mo.App., 180 S.W.2d 249, the Kansas City Court of Appeals held inferentially that the grounds of the Compensation Commission's jurisdiction must appear in formal findings of the Commission. That case was certified to the Missouri Supreme Court by the Kansas City Court of Appeals because of a conflict between its opinion and an opinion of the St. Louis Court of Appeals in Wors v. Tarlton, 234 Mo.App. 1173, 95 S.W.2d 1199, wherein the latter Court held that in order to sustain an award of the Compensation Commission on jurisdictional grounds, the Commission need not make affirmative findings of the jurisdictional facts. When the Missouri Supreme Court determined the case, the Kansas City Court of Appeals was reversed on other grounds without any reference to this issue or to the conflict of opinion between the two Courts of Appeals. Since it was the responsibility of the Supreme Court under the Missouri Constitution to resolve conflicts between the Courts of Appeals on certification, Mo.R.S.A. Const. Art. VI, § 6, Amend. 1884, we must assume that its reversal of the Maxwell v. Kurn case was intended to remove the conflict. Hence, the opinion of the Court of Appeals in Max-

well v. Kurn cannot be accepted as the law of Missouri.

In the light of the Missouri law, as announced in the cases noted above, the issue is narrowed to a determination of whether the action taken by the Compensation Commission may be treated as a general finding and award. If it may be so treated, then we must assume that the Commission found from evidence before it that the plaintiff's disability was within the Act, and that the Commission had exclusive jurisdiction to determine his compensation therefor.

When this case was here on a former appeal, it was held that the Compensation Commission's jurisdiction, insofar as it depended upon questions of fact, should be decided upon the record and findings of the Commission. That record was not then before this Court.

There were no findings of fact. The entire record made before the Compensation Commission at the time of the hearing and settlement consists of the Claim for Compensation, the material portions of which have been set out above; the Hearing Minute Sheet, which is as follows:

"Before the
Missouri Workmen's Compensation
Commission

closed

Hearing Minute Sheet

| | | St. Louis City |
| Accident No. M–13556 | Date of Accident | County |
| | | County Seat |
| Employee Arthur Holler | Address | 2149 Oak Ave., Wellston, Mo. |
| Dependents | Address | |
| Dependents | Address | |
| Employer Fisher Body Co. | Address | 3707 N. Union, St. Louis, Mo. |
| Insurer Self | Address | |
| Employee's Attorney Joseph F. Callahan | Address | 705 Chestnut St., St. Louis, Mo. |
| Robert W. Herr | | 506 Olive St., St. Louis, Mo. |
| Employer's Attorney Boyle and Priest | Address: | St. Louis, Mo. (705 Olive) |

Date of Hearing   Monday, June 15, 1936 at 9 a.m.
Held by Shaw at St. Louis Office

Reset for hearing Friday, 6/26/36 at 11 a. m. at St. Louis before Reporter Ralph V. Rogers

Minutes

June 26th—1936 Commissioner Shaw:—
Messrs. R. W. Herr & J. F. Callahan, for Employee.
Messrs. R. Moloney & G. Priest, for Employer.

8-25-36
#2

Can settle as per stipulation set
tracer for final receipt.  OHS
Form A–24"

and the Transcript, containing the above quoted memorandum made by Commissioner Shaw. A deposition offered in the District Court indicates that an election was made by plaintiff's employer to bring itself within the provisions of the Compensation Act in October 1931.

Defendant contends that the endorsement written in pencil at the bottom of the Hearing Minute Sheet: "Can settle as per stipulation set tracer for final receipt. OHS", and the statement by Commissioner Shaw found in the Transcript constitute the formal approval provided for by the Statute.

The cryptic pencil notation on the Hearing Minute Sheet certainly does not rise to the dignity of an order, finding or award. Nor does the unsigned statement made by the Commissioner, appearing in the Transcript, constitute a general finding and award. It is more susceptible to the interpretation of being an explanation of closing the case than as a formal finding or award. It does recite that the parties agreed to settle the case on a compromise basis, as provided by the Statute, but there is no expression of even a conclusion by the Commissioner of the applicability of the Statute.

The plaintiff's deposition, taken before the hearing before the Commission, appears to have been on file at the time of the hearing, but there is no indication that it was called to the attention of or considered by the Commission.

In the cases cited by defendant as authority for its contention that the submission of a claim for compensation to the Compensation Commission was a bar to a subsequent common law action, there was some kind of a formal order or award from which an inference could be drawn that the Commission acted upon sufficient evidence to justify its exercise of jurisdiction. But here there was no general finding or award to plaintiff by the Commission and there appears to have been no evidence presented to it supporting necessary jurisdictional facts.

The meager facts which the record made before the Commission discloses do not in themselves establish the applicability of the Compensation Act to plaintiff's occupational disease. The mere filing of the claim did not establish the jurisdiction of the Commission. If there had been a general finding or award by the Commission then the assumption would be warranted under the Missouri authorities heretofore referred to that facts existed which gave the Commission jurisdiction and that the Commission by its finding or award inferentially so found. But in the absence of such a finding or award there is no predicate upon which to base the assumption that the injury came within the purview of the Compensation Act and that the Commission had jurisdiction. Occupational diseases were not covered by the Missouri Workmen's Compensation Act prior to the Amendment of that Act in 1931. Mo.R.S.A. § 3695(b). While, as heretofore noted, the jurisdiction of the Commission is to be determined by the record made before that tribunal, the importance of the record of the Commission showing the necessary jurisdictional facts or of some finding or award of the Commission from which its jurisdiction could be inferred with reasonable definiteness before proceedings therein are treated as a bar to common law actions is emphasized by the fact that in plaintiff's petition in the present action and the hearing on the plea in bar plaintiff alleged and contended that his injury occurred long prior to the Amendment of 1931 and was not covered by the Compensation Act. It is not unusual for injured employees to submit their claim to the Compensation Commission and after dismissal thereof by the Commission for want of jurisdiction to then prosecute their common law action. The record made before the Commission does not justify the conclusion that it found or exercised jurisdiction of the claim. The defense that plaintiff's injury was covered by the Compensation Act was still open to defendant in the trial of this cause on the merits but inasmuch as defendant is, for reasons which are no doubt good and practical,[1] basing

---

[1] The former trial on the merits resulted in a verdict for plaintiff for $35,-000 while in this it was $7,500.

this appeal upon the limited ground that the proceedings before the Commission were a bar, the other defense is not for determination.

The conclusion reached by the Trial Court that the proceedings before the Compensation Commission were not a bar to this action was correct. Since there is no complaint made concerning the trial on the merits, the judgment is affirmed.

