Glenda MESSERSMITH, Respondent,

v.

UNIVERSITY OF MISSOURI–COLUMBIA/MT. VERNON REHABILITATION CENTER, Appellant.

No. SC 83107.

Supreme Court of Missouri,
En Banc.

May 15, 2001.

William Ringer, Kansas City, for Appellant.

Rebecca J. Tatlow, Tamara F. de Wild, Springfield, for Respondent.

PRICE, Chief Justice.

## I.

The Missouri Rehabilitation Center (operated by the University of Missouri Columbia, hereinafter referred to as "MRC") appeals in this workers' compensation case from the final award of the Labor and Industrial Relations Commission ("Commission"), which affirmed and incorporated by reference the decision of the administrative law judge ("ALJ"). The Commission awarded Messersmith total benefits of $36,143.

MRC contends that because Messersmith failed to comply with the notice requirements of section 287.420,[1] she is barred from maintaining this action. MRC alleges that the Commission erroneously found 1) that Messersmith had good cause for noncompliance with the statute and 2) that MRC was not prejudiced thereby. The final award of the Commission is affirmed.

## II.

Glenda Messersmith was employed as an LPN by the MRC. On December 25, 1996, Messersmith was assisting a stroke patient in a wheelchair who needed to go to the bathroom. While she was helping the patient, the patient fell on Messersmith's neck and *right* shoulder. Messersmith felt a "very sharp stabbing pain" down her *left* arm. The pain subsided after Messersmith placed the patient on the toilet. However, Messersmith called another LPN to assist her in placing the patient back in the wheelchair.

Several days later, Messersmith again suffered pain down her *left* arm, which became more severe, intense and constant over time. Three weeks after the accident, Messersmith went to her family practitioner, Dr. Pegram, for problems with her *left* arm. Dr. Pegram indicated that Messersmith most likely had a pulled muscle. Messersmith did not relate the details of the accident to Dr. Pegram because she did not know of any injury to

---

1. "No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice. No defect or inaccuracy in the notice shall invalidate it unless the commission finds that the employer was in fact misled and prejudiced thereby." Section 287.420, RSMo 1994.

her left arm muscle during the accident. After a period of conservative treatment, Dr. Pegram referred Messersmith to an orthopedic surgeon, Dr. Olive.

As of January 22, 1997, Messersmith had not missed any work days after the December 25 accident. Between January 22, 1997, and January 27, 1997, Messersmith attempted to work with her left arm in a sling as recommended by Dr. Pegram. On January 27, 1997, the last day Messersmith worked for MRC, Patti Nash, Messersmith's supervisor, informed Messersmith that she could not fulfill LPN duties with her arm in a sling. As of January 27, 1997, Messersmith had not reported any injury to MRC or completed a written accident form.

On January 30, 1997, Messersmith spoke on the phone with Nash and told her she would be undergoing physical therapy for about two weeks. Messersmith told Nash, on February 10, 1997, 47 days after the accident, that she must have hurt herself lifting or pulling a patient at work. The orthopedist took x-rays on February 14, 1997, and informed Messersmith that she had two herniated discs in her neck. On February 17, 1997, 54 days after the accident, Messersmith provided MRC with a written accident report concerning the accident. Dr. Olive performed a cervical diskectomy and fusion on April 21, 1997. Dr. Olive indicated that if Messersmith's version of the accident on December 25 is correct, "the episode is consistent with an injury that could cause a patient to herniate a cervical disc or discs and ultimately require surgery."

At the time of trial, Messersmith could not identify the patient involved in her injury, the room in which the accident occurred, or the name of the LPN that assisted her. MRC produced no evidence as to what prejudice it might have suffered

had it initiated its investigation either on February 10, 1997, or February 17, 1997.

Messersmith had sustained two prior work-related injuries. On December 9, 1996, a piece of equipment fell on her foot about 1:30 p .m. By 2:30 p.m., Messersmith had reported the injury to MRC and completed an accident report form. On January 14, 1997, Messersmith injured her right index finger on a wheelchair about 9:20 a.m. By 9:30 a.m., Messersmith had reported the injury to MRC and completed an accident report form.

### III.

The Commission found that Messersmith was credible and that she suffered a work-related injury on December 25, 1996. The Commission further determined that Messersmith established good cause for failing to timely report the accident and that MRC was not prejudiced by her failure to timely report her injury.

The scope of appellate review of a worker's compensation award is established by section 287.495, which states in pertinent part:

Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

MRC does not contend that the award was procured by fraud. Review is limited simply to whether the facts found by the Commission "support the award" and whether there was "sufficient competent evidence to warrant the making of the award." We review the record, considering the evidence and all reasonable inferences therefrom in the light most favorable to the award and the findings of the Commission. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991).

## IV.

■ The purpose of section 287.420 is to give the employer timely opportunity to investigate the facts surrounding the accident and, if an accident occurred, to provide the employee medical attention in order to minimize the disability. *Newman v. Rice–Stix Dry Goods Co.*, 335 Mo. 572, 73 S.W.2d 264 (1934). Giving notice is not an unconditional prerequisite to recovery. *See State ex rel. Buttiger v. Haid*, 330 Mo. 1030, 51 S.W.2d 1008 (1932). The failure to give timely written notice may be excused if the Commission finds either that there was good cause for the failure or that the failure did not prejudice the employer. *Id.* The failure to give the required notice has been held excusable for good cause where at the time the accident occurred the injury appeared trivial to the employee and its seriousness did not become apparent until more than 30 days had elapsed. *Id.*

### 1. Good Cause

■ The Commission found that Messersmith's delay was reasonable given the initial dissipation of her symptoms and the diagnoses of her doctors. In the accident, the patient fell on Messersmith's neck and right shoulder—the right side of her body—but she felt initial pain in her left arm, which dissipated and later recurred. The Commission found:

Since claimant's problems in this case worsened over time after the immediate pain of her accidental injury was gone, it is easy to understand why claimant did not make a connection between the incident at work and her subsequent neck and shoulder pain until Dr. Olive's diagnosis. Indeed, it is easy to understand how a reasonable lay person would not make a connection between a left arm injury and a pain following on the lay person's right shoulder and neck.

Messersmith's injury is the type of latent injury that this Court has held to be a good cause for an innocent delay in filing an injury report with an employer. *See State ex rel. Buttiger*, 51 S.W.2d at 1009. The evidence in the record may·not be overwhelming or uncontroverted, but it is sufficient to support the Commission's findings of fact and to warrant the award.

### 2. Prejudice

It is not necessary for us to resolve the issue of prejudice in light of our ruling on good cause and the record below is not clear on this issue.

■ Messersmith notified MRC of her claim that the injury was work related 47 days after the accident and filed a written report 54 days after the accident. Although Messersmith could not identify the patient or room or the assisting LPN involved in the accident at the time of trial, we do not know what information was available at the time she reported her injury to MRC. This is the period of time relevant for the determination of prejudice.

## V.

The decision and award of the Labor and Industrial Relations Commission is affirmed.

LIMBAUGH, WHITE, HOLSTEIN, WOLFF and BENTON, JJ., and EDWARDS, Sp. J., concur.

LAURA DENVIR STITH, J., not participating.