John WILLIS, Appellant/Employee,

v.

JEWISH HOSPITAL, Employer,

and

Argonaut Insurance Company, Insurer.

No. 62352.

Missouri Court of Appeals, Eastern District, Division Four.

June 1, 1993.

Nancy R. Mogab, St. Louis, for appellant, employee.

Robert W. Haeckel, St. Louis, for employer.

CARL R. GAERTNER, Judge.

John Willis (claimant), appeals from a ruling of the Labor & Industrial Relations Commission (Commission) denying him benefits under his worker's compensation claim. The Commission, affirming the findings of the Administrative Law Judge (ALJ), ruled that claimant failed to provide actual notice of the alleged injury to Jewish Hospital (employer) and that he failed to prove that employer was not prejudiced by the lack of actual notice. We affirm.

Claimant, a 54–year old male, had been an employee of Jewish Hospital for twenty-seven years where he worked as a pot scrubber in the kitchen. He alleges he was injured at work on or about September 6, 1988, while emptying trash cans. Claimant testified that because his immediate supervisor was not present he reported the injury to her supervisor, Donna Slack. According to claimant Ms. Slack sent him home early. Ms. Slack did not recall the incident and denied that claimant reported a work-related injury to her. Claimant also testified that he informed his immediate supervisor, Diane Finley, the next day. Ms. Finley also denied that claimant reported a work-related injury to her.

Dr. Bernstein, one of claimant's physicians, initially released him to return to work at the end of September. Claimant, however, did not return to work until October 26, 1988. He worked briefly that day but was in such severe pain he could not perform his duties. He was brought to Donna Slack's office where she attempted to contact his doctor. Ms. Slack testified

that she also asked claimant whether he had hurt himself at work and that claimant responded "no". Other managers present at the time including Diane Finley, Steven Henricks and Janine Pullin, confirmed Ms. Slack's version of these events.

Diane Finley testified that she first learned claimant was alleging a work-related injury when on November 4, 1988 he brought in his leave-of-absence forms. The forms stated among other things that claimant sustained a work-related injury. Claimant's supervisors filled out new leave-of-absence forms omitting any reference to a work-related injury. The latter forms were signed by claimant and Jewish Hospital personnel. Bob Buell, one of claimant's supervisors, stated that a leave-of-absence form was inappropriate if an employee sustained a work-related injury. Claimant filed a worker's compensation claim on December 5, 1988 alleging a work-related injury on September 6, 1988. The employer filed an answer dated December 23, 1988 alleging failure to give the appropriate notice. The ALJ held that the employee did not give written or oral notice and that there was no evidence that the employer was not prejudiced by the lack of notice.

■ The standard of review in a worker's compensation case is limited. We must review the entire record to determine if the Commission's award is supported by competent and substantial evidence. *Sellers v. Tran–World Airlines, Inc.*, 776 S.W.2d 502, 504 (Mo.App.1989). All evidence and inferences must be viewed in a light most favorable to the award. *Id.* at 504. An appellate court will not substitute its judgment for that of the Commission even if this court would have made a different initial conclusion. *Id.* at 504.

■ Claimant's first point on appeal is that the Commission erred in finding that he did not give actual notice to his employer. Claimant asserts that there was competent and substantial evidence presented to conclude that he did give notice.

Claimant has misstated the standard of review in his first point. The Commission determined that no actual notice was given and it is this finding that we review in order to determine whether or not the evidence substantially and competently supports it. The statute requires that written notice must be given to the employer as soon as practicable but no later than thirty days after the injury. Section 287.420 RSMo (1986). Claimant does not argue that he furnished written notice to his employer within thirty days of the injury. He argues only that he told his supervisors immediately after the injury.

The Commission upheld and incorporated the ALJ's award that claimant did not give actual notice of the alleged injury to employer. All of claimant's supervisors testified that they had no information indicating that claimant's injury was work-related until November 4, 1988 when claimant turned in his leave-of-absence forms. Further, Donna Slack testified that claimant did not tell her of the injury the day that it allegedly happened. Hospital scheduling records do not indicate that claimant left work early on September 6, 1988 as he claimed. Lastly, there was testimony from several witnesses that on October 26, 1988 claimant denied his injury was work-related. The ALJ and the Commission believed the employer's evidence was more credible than the claimant's and ruled that employer received no notice. The evidence substantially and competently supports the finding that claimant failed to give the employer notice as required in § 287.420. We are bound to uphold the Commission's finding under this standard of review even though we might have reached a different conclusion initially. Claimant's first point is denied.

Claimant's second point on appeal is that the Commission erred in not finding that he had good cause for the failure to notify or that the employer was not prejudiced by the failure to notify.

■ The purpose of § 287.420 is to give the employer timely opportunity to investigate the facts pertaining to whether the accident occurred and if so, to give the employee medical attention to minimize the disability. *Brown v. Douglas Candy Co.*, 277 S.W.2d 657, 662 (Mo.App.1955). The

written notice requirement of § 287.420 may be circumvented if the claimant makes a showing of good cause or the employer is not prejudiced by the lack of such notice.

The Commission specifically found that claimant failed to prove the employer was not prejudiced by the lack of notice. We assume they also found that claimant failed to show good cause for the failure to notify, otherwise the Commission would not have ruled against claimant on the notice issue. *See, Reichert v. Jerry Reece, Inc.,* 504 S.W.2d 182 (Mo.App.1973).

■ Claimant has the burden of showing the employer was not prejudiced. *Pattengill v. General Motors Corp.,* 820 S.W.2d 112, 113 (Mo.App.1991). A prima facia case of no prejudice is made if claimant can show the employer had actual knowledge of the injury. *Id.* at 113. Here, claimant argues that he told his supervisors of the injury the day it occurred. He also points out that the employer did not alter its course of conduct after it became aware of the work-related allegation.

However, the Commission found there was no actual notice despite claimant's testimony and there is evidence to support this finding. Missouri courts have found that no prejudice exists where the evidence of actual notice was uncontradicted, admitted by the employer, or accepted as true by the fact-finder. *See, Pattengill v. General Motors Corp.,* 820 S.W.2d at 112; *Martin v. Lindburg Cadillac,* 772 S.W.2d 12 (Mo. App.1989). *Reichert v. Jerry Reece, Inc.,* 504 S.W.2d at 182; *Jones v. Purity Textiles Corp.,* 328 S.W.2d 714 (Mo.App.1959); *Buckner v. Quick Seal,* 233 Mo.App. 273, 118 S.W.2d 100 (1938). Claimant's testimony that he notified his supervisors within a day of the injury is none of the above. Contradictory evidence was presented, the fact-finder discredited claimant's testimony, and employer did not admit that claimant reported the injury.

■ Claimant argues that because the employer did not investigate after it knew that claimant was alleging a work-related injury that it was not prejudiced. This argument misses the point. The reasoning behind the thirty day notice rule is to give the employer the opportunity for a timely investigation. The prejudice had already occurred when the employer received notice of the alleged work-related injury. Any reference to what employer did or did not do two months after the alleged injury is irrelevant to the issue of whether employer had the opportunity to conduct a timely investigation. We cannot fault the Commission's finding that employer was prejudiced by the late notice that claimant provided.

■ Claimant further argues that his failure to comply with the written notice requirement of § 287.420 should have been excused for good cause. He argues that his lack of education and limited reading and writing skills constitute good cause for his failure to provide written notice to his employer within thirty days of the alleged work-related injury. Witnesses testified that claimant's speech was difficult to understand. His supervisors would routinely repeat things to ensure that he understood an order or directive. No medical testimony was offered to support this claim of mental deficiency. However, claimant was also a long-time employee whom it would appear performed his duties well and was capable of following instructions. The Commission obviously did not accept this argument and we are unable to say that its decision was not supported by substantial and competent evidence. Missouri case law on this issue has found the existence of good cause only where the injury was latent or the claimant did not realize the extent of the injury until after the thirty day period had passed. *See, Beatty v. Chandeysson Electric Co.,* 238 Mo.App. 868, 190 S.W.2d 648 (1945); *Reeves v. Frasier–Brace Engineering Co.,* 237 Mo.App. 473, 172 S.W.2d 274 (1943); *Buckner v. Quick Seal,* 233 Mo.App. 273, 118 S.W.2d 100 (1938); and *State ex rel. Buttiger v. Haid,* 330 Mo. 1030, 51 S.W.2d 1008 (1932). Claimant's alleged work-related injury was evident immediately based on his own testi-

mony that he left work early on September 6, 1988 because of the injury. These facts are analogous to *Brown v. Douglas Candy Co.*, 277 S.W.2d at 662, 663, where the court did not find good cause because the injury had caused immediate and severe pain. Claimant's second point is denied.

The award of the Commission is affirmed.

CRANE and CRAHAN, JJ., concur.