Donald HANNICK, Appellant,

v.

KELLY TEMPORARY SERVICES
and CNA Insurance Company,
Respondents.

No. 63162.

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 1993.

David G. Plufka, St. Louis, for appellant.

Sharon Thames, St. Louis, for respondents.

CRIST, Judge.

Donald Hannick (Claimant) was injured in the course of his employment with Kelly Temporary Services (Employer). He appeals the denial of benefits based on his failure to meet the notice requirements of § 287.420, RSMo 1986. We reverse and remand.

During the week of April 28, 1991, Claimant was doing work for Employer at a business called Weber Costello. His duties required him to lift thirty- to forty-pound wooden pallets from stacks and move them to a pile to be burned. The pallets were stacked from two- to five-feet high. Claimant burned pallets all day the last three days he worked in April.

On April 29, 1991, Claimant woke up with intense pain, unable to move his legs very well. He went to see Dr. Paul Vatterott, a physician specializing in internal medicine. Dr. Vatterott ordered a CT examination on his low back and x-rays of his legs. The CT Scan was performed on May 15, 1991, and showed evidence of bulging disks, spinal stenosis, and degenerative changes in both knees. Dr. Vatterott told Claimant he suspected a low back injury and disk abnormality. He referred Claimant to Dr. David Wilkinson, a neurosurgeon, for follow-up.

Claimant saw Dr. Wilkinson around May 29, 1991. Dr. Wilkinson performed a myelogram with CT scan enhancement on June 7, 1991. From these tests, Dr. Wilkinson determined Claimant needed surgery. Claimant's need for surgery was confirmed by Dr. George Luther before the surgery. On August 1, 1991, Dr. Wilkinson performed the back surgery.

Claimant called Employer on June 10, 1991, and notified it of his work-related accident.

On January 7, 1992, the Administrative Law Judge (ALJ) found Claimant sustained a compensable injury and awarded temporary total disability benefits along with medical bills. CNA, Employer's insurance company, appealed. The Commission reversed the ALJ's award on the grounds Claimant failed to meet the notice requirements of § 287.420, RSMo 1986. Claimant appeals.

We view all evidence and inferences in the light most favorable to the Commission's decision and must affirm if the decision is supported by competent and substantial evidence. *Dillon v. General Motors*, 784 S.W.2d 915, 916[1] (Mo.App.1990).

Section 287.420, in part, states:

No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice.

■ The statute excuses the requirement of written notice where the employer is not prejudiced by the failure to receive such notice. *Pattengill v. General Motors Corp.*, 820 S.W.2d 112, 113[4] (Mo.App. 1991). The purpose of the notice requirement is (1) to enable the employer to minimize the injury by providing medical diagnosis and treatment, and (2) to facilitate a timely investigation of the facts surrounding the injury. *Lawson v. Vendo Company*, 353 S.W.2d 113, 119[6] (Mo.App.1961). The burden of proving the employer was not prejudiced lies with the claimant. *Klopstein v. Schroll House Moving Co.*, 425 S.W.2d 498, 504[5] (Mo.App.1968). However, if a claimant makes a prima facie showing of no prejudice, the burden shifts to the employer to show prejudice. *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 902[8] (Mo.App.1984).

■ The Commission found "when the employer finally obtained notice of a potentially compensable injury, it was at least 42 days after the alleged injury and after the employee already had obtained substantial medical treatment." It further found "the employee in this case has presented no evidence demonstrating a lack of prejudice on the part of the employer," and that Claimant "has not sustained his burden of demonstrating ... lack of prejudice to the employer."

The Commission ignored substantial and competent evidence Employer was not prejudiced by the fact Claimant failed to give notice of his accident within thirty days. Gwendolyn Mundy, a senior claims adjuster at CNA, investigated the claim around June 12, 1991. She spoke with some of Employer's people, took Claimant's statement, and requested medical records from his treating physicians. Mundy stated she was not hindered in her ability to take a statement from Claimant and was not hindered in her ability to talk to Employer's people.

Mundy made her formal decision to deny Claimant's claim on June 30, 1991, based on Claimant's untimely notice of his accident to Employer. At no time did she attempt to have Claimant examined by a doctor. She never attempted to have a medical evaluation of Claimant because he was already receiving treatment and had already received a second opinion before his surgery.

Also, the record reflects Claimant sought medical advice immediately following the appearance of his symptoms. And, although the Commission found Claimant had received substantial medical treatment by the time he gave notice to Employer, Claimant did not have surgery until August 1, 1991. The only evidence in the record of any treatment rendered before notice was given was Dr. Vatterott's vague statement that he initially attempted to treat Claimant with "conservative therapy."

This evidence shows Claimant made a prima facie showing that Employer was not prejudiced by Claimant's failure to provide notice within thirty days. The evidence supports the conclusion that late notice (1) did not hinder Employer's ability to minimize the injury by providing Claimant with prompt medical treatment, and (2) did not hinder the Employer's ability to make a timely investigation of the case. *Compare Summers v. Harbor Performance Corp.*, 754 S.W.2d 953, 955[3] (Mo.App.1988). Thus, the burden shifted to Employer to show prejudice. *See Ford*, 677 S.W.2d at 902[8]. The record contains no evidence Employer was prejudiced. § 287.495.1(4), RSMo (1986).

The judgment of the Labor and Industrial Relations Commission is reversed and the cause remanded to the Commission for entry of a final order consistent with this opinion.

AHRENS, P.J., and REINHARD, J., concur.