Daniel SEYLER, Employee/Respondent,

v.

SPIRTAS INDUSTRIAL,
Employer/Appellant,

and

American International Group,
Insurer/Appellant.

No. 73131.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 6, 1998.

Application to Transfer Denied
Sept. 22, 1998.

John J. Johnson, Brown & James, St. Louis, for appellant.

John J. Hummel, St. Louis, for respondent.

AHRENS, Presiding Judge.

Employer, Spirtas Industrial, appeals from the order of the Labor and Industrial Relations Commission granting the claimant, Daniel Seyler, a temporary total disability award. Employer contends on appeal that the claimant failed to prove that his failure to provide employer with timely notice did not prejudice it. We reverse and remand.

Reviewing the record in the light most favorable to the Commission's findings, the following evidence was adduced below. Claimant was working as a high-lift operator for employer in December 1995. On December 11, 1995, the teeth of the high-lift that claimant was operating struck an uneven portion of the concrete he was working on. As the teeth of the high-lift struck the concrete, the high-lift stopped suddenly and the resulting force violently threw claimant forward. Claimant's shins struck a safety bar and his head struck the rearview mirror.

Immediately after the accident, claimant experienced severe pain in both of his legs and moderate pain in his head and neck. Over the next few days, the pain in claimant's legs began to subside but the pain in his neck and head worsened.

The high-lift that claimant had been operating suffered mechanical problems and became non-operational on December 13. Claimant's supervisor, Jim Mitchell, instructed claimant to go home and to call employer's office that afternoon for a new assignment. Claimant called the person in charge of assigning work in employer's office, Jeff Lachovich, that evening but Mr. Lachovich informed claimant that there was no work available. Claimant has not worked for employer since then.

Claimant continued to call employer's office seeking additional assignments. However, claimant failed to notify anyone at employer's office that he had suffered the accident on December 11. Claimant continued to experience severe pain in his neck and back and finally saw a doctor on January 16, 1996. Employer first learned of the December 11 accident on January 17 when claimant filed a report of the injury.

Employer originally approved claimant's medical treatment. However, after investigating the accident, employer notified claimant on March 11 that it would not pay for any additional medical treatment. Claimant then filed a workers' compensation claim with the Department of Labor and Industrial Relations.

The Administrative Law Judge (ALJ) found that claimant failed to provide employer with written notice within thirty days as required by section 287.420 RSMo. (1994).[1] The ALJ also determined that employer did not have actual notice of the December 11 accident. However, the ALJ determined that employer was not prejudiced by claimant's failure to provide timely notice because the employer's ability to either investigate the accident or provide claimant with medical care was not affected by claimant's untimely notice. Thus, the ALJ ruled that section 287.420 did not bar plaintiff from seeking compensation and awarded claimant $11,999.07 in temporary total disability.

Employer appealed the ALJ's ruling to the Labor and Industrial Relations Commission (Commission), arguing that claimant had failed to produce sufficient evidence that his untimely notice had not prejudiced employer. The Commission adopted the ALJ's findings with respect to the lack of written and actual notice and lack of prejudice to the employer. Employer appeals from the decision of the Commission.

---

1. All statutory references are to RSMo. (1994) unless otherwise indicated.

▬ In its only point on appeal, employer contends the Commission erred in finding that claimant met his burden of proof in demonstrating that his failure to provide timely notice to employer did not prejudice it. In reviewing a decision by the Commission, we will review the evidence in the light most favorable to its findings. *Hannick v. Kelly Temporary Services*, 855 S.W.2d 497, 498 (Mo.App.1993). Also, we will affirm the Commission's decision if it is supported by competent and substantial evidence. *Id.*

▬ Section 287.420 states in relevant part:

No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury...has been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless...the employer was not prejudiced by failure to receive notice.

If the claimant has not provided employer written notice within thirty days of the accident, the claimant bears the burden of demonstrating that the employer was not prejudiced by the claimant's failure to provide notice. *Willis v. Jewish Hospital*, 854 S.W.2d 82, 85 (Mo.App.1993). However, once the claimant makes a *prima facie* showing that the employer was not prejudiced, the burden shifts to the employer to demonstrate that it was prejudiced. *Hannick*, 855 S.W.2d at 498.

Employer first contends that once the Commission found that employer did not have actual notice of the accident, as a matter of law, it was required to find that employer was prejudiced. It appears that employer is arguing that the only manner in which a claimant may prove that an employer was not prejudiced is to demonstrate that employer had actual notice of the accident. We disagree with this argument.

▬ It is true that one way a claimant may meet claimant's *prima facie* burden of showing that an employer was not prejudiced by the failure to give written notice within thirty days is to demonstrate that the employer had actual notice of the accident. *See Dunn v. Hussman Corp.*, 892 S.W.2d 676, 681 (Mo.App.1994). However, section

287.420 simply states an employee may not bring a workers' compensation claim if employee has failed to provide employer with written notice within thirty days unless the employer was not prejudiced by the failure to receive the notice. There is nothing in the statute that suggests the legislature intended to limit a claimant's ability to prove a lack of prejudice to those cases where the employer has actual notice. Accordingly, under the statute, a claimant may prove that an employer was not prejudiced by the failure to receive written notice even if the employer did not have actual notice of the accident. *See Hannick*, 855 S.W.2d at 499.

▬ Employer also maintains that even if actual notice is not required to show a lack of prejudice, there is still insufficient evidence to support the Commission's finding that employer was not prejudiced. We agree with this contention.

▬ The purpose underlying the notice requirement is twofold. First, the notice requirement is designed to ensure that the employer will be able to conduct an accurate and thorough investigation of the facts surrounding the injury. *Id.* The second purpose of the notice requirement is to ensure that the employer has the opportunity to minimize the employee's injury by providing prompt medical treatment. *Id.* Thus, in cases where the employer does not have actual notice of the accident, courts have examined whether the claimant has proffered evidence on both the employer's ability to investigate the accident and the minimization of the employee's injury in determining whether the employer was prejudiced by the claimant's failure to provide written notice. *See Id.; Klopstein v. Schroll House Moving Co.*, 425 S.W.2d 498, 504–05 (Mo.App.1968).

Here, claimant did produce sufficient evidence that his failure to provide written notice did not hinder employer's ability to conduct a thorough and accurate investigation. Employer's director of safety testified that he had access to all the witnesses to the accident that he would have had if claimant would have provided timely written notice.

However, claimant failed to produce any evidence that his failure to provide written notice did not hinder the employer's ability to minimize his injury. Claimant did produce

evidence that once he sought medical treatment some thirty-five days after the accident, employer approved and monitored his medical treatment. This evidence, however, does not relate to the employer's ability to minimize claimant's injury. The only evidence relating to the minimization of claimant's injury was claimant's own testimony that the pain in his neck and head became increasingly more severe and began shooting down his arms after the accident.

The only evidence produced below relating to the minimization of claimant's injuries suggests that claimant's injuries became progressively more severe after the accident. Based on this record, we find that claimant failed to demonstrate that his failure to provide written notice did not hinder employer's ability to minimize his injury by providing medical treatment. *See Klopstein,* 425 S.W.2d at 505. Thus, we find that the Commission's decision is not supported by competent and substantial evidence. Therefore, the Commission's decision is reversed and the cause remanded to the Commission for entry of a final order dismissing the claim for failure to comply with the notice requirement of Section 287.420.

CRANDALL and KAROHL, JJ., concur.