Michael SOOS, Claimant/Appellant,

v.

MALLINCKRODT CHEMICAL
CO., Employer/Respondent,

and

Treasurer of the State of Missouri, as
Custodian of the Second Injury Fund,
Additional Party/Respondent.

No. ED 76717.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 25, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 7, 2000.

Nancy R. Mogab, David G. Hughes, Mogab & Hughes Attorneys, P.C., St. Louis, for appellant.

Michael F. Banahan, Mary Anne Lindsey, Evans & Dixon, Attys., St. Louis, for employer/respondent.

Paul K. Petraborg, St. Louis, for additional party.

KATHIANNE KNAUP CRANE,
Presiding Judge.

In this workers' compensation case, claimant, Michael Soos, appeals from the final award and decision of the Labor and Industrial Relations Commission (Commission) denying compensation for a back injury claimant alleged he suffered while working for employer, Mallinckrodt Chemical Company. The Commission affirmed, with a separate opinion, the award and decision of the Administrative Law Judge (ALJ) denying compensation for claimant's injury because claimant did not provide employer with timely notice, as required by Section 287.420 RSMo (1994). Claimant contends that the Commission erred in that he made a prima facie showing that employer was not prejudiced by the late notice and, therefore, his claim should not be barred by Section 287.420 RSMo (1994). Claimant also argues that the Commission misstated the law on the good cause exception to timely notice. We affirm.

At the time of trial, claimant, Michael Soos, had been employed by employer, Mallinckrodt Chemical Company, for over twenty-five years. Claimant had previously injured his back in 1974 and had surgery on his back in 1976.

On October 15, 1995, claimant was assigned to work inside a pancake dryer

repairing bolts and broken welds. While he was working claimant noticed some sharp shooting sensations in his right leg. When he finished, he felt his back stiffen up and it started to ache.

Claimant went to the dispensary on October 16 for follow-up treatment of a prior wrist injury. He did not mention pain in his back. Claimant worked the next three days and then called in sick for two days, which he spent lying on a heating pad. Thereafter, claimant returned to work and worked until he took sick leave for cataract surgery on November 20. Claimant sought treatment for continuing back pain from a chiropractor, Dr. Grosze, on October 21, 24, and 28.

While claimant was off work during November, 1995 for cataract surgery, he scheduled an appointment with Dr. Beyer, an orthopedic surgeon, seeking relief from back pain. On December 5, 1995, Dr. Beyer prescribed anti-inflammatory medication, gave claimant some exercises to do, and suggested physical therapy. Claimant returned to Dr. Beyer on December 20, 1995 at which time the doctor ordered an MRI. The MRI revealed a large disc herniation and Dr. Beyer recommended that claimant visit Dr. Bailey to consider surgical interventions.

On December 27, 1995, claimant reported to the employer's dispensary nurse that he had hurt his back while working on the pancake dryer on October 15, 1995. Claimant was sent home and employer sent claimant to a doctor. Claimant's supervisor did not learn that claimant claimed a work-related injury to his back until December 28 when he received the information from the dispensary. Plaintiff was on sick leave during January. He returned to work February 1 on light duty.

On March 5, 1996, Dr. Bailey performed surgery on claimant's back at L4–L5 and L5–S1. Claimant missed 14 5/7 weeks of work during which he drew long-term disability payments. Claimant thereafter filed a claim for compensation with the Missouri Department of Labor and Industrial Relations for an injury to his back which he alleged occurred on October 15.

■ On appeal of a workers' compensation claim, we review only questions of law. Section 287.495.1 RSMo (Cum.Supp.1998). We can modify, reverse, remand for rehearing, or set aside awards only on the grounds prescribed by statute: (1) that the Commission acted without or in excess of its powers; (2) that the award was procured by fraud; (3) that the facts found by the Commission do not support the award; or (4) that there was not sufficient competent evidence in the record to warrant the making of the award. *Id.* We review decisions of the Commission which are clearly interpretations or applications of law for correctness without deference to the Commission's judgment. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991); *Harrison v. Harrison Turf Co.*, 908 S.W.2d 159, 161 (Mo.App.1995).

■ If the decision is based on determinations of fact, we review the whole record in the light most favorable to the decision. *West*, 804 S.W.2d at 744. We defer to the Commission when it resolves issues concerning credibility and weight to be given to conflicting evidence. *Wiele v. National Super Markets, Inc.*, 948 S.W.2d 142, 145 (Mo.App.1997). In the absence of fraud, the factual findings made by the Commission within its powers are conclusive and binding. Section 287.495.1 RSMo; *Wiele*, 948 S.W.2d at 145. When the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission. *Wiele*, 948 S.W.2d at 145.

For his first point claimant contends that the Commission misinterpreted Section 287.420 RSMo. Claimant argues that he made a prima facie case that employer was not prejudiced by claimant's failure to give notice within thirty days of his accident because he proved that employer's ability to make an accurate investigation of the accident two months after the injury was not hindered.

The relevant part of Section 287.420 provides:

No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice.

The purpose of this section is to give the employer timely opportunity to investigate the facts surrounding the accident and, if an accident occurred, to provide the employee medical attention in order to minimize the disability. *Gander v. Shelby County*, 933 S.W.2d 892, 895 (Mo.App. 1996); *Willis v. Jewish Hospital*, 854 S.W.2d 82, 84 (Mo.App.1993). However, the failure to give timely written notice may be excused if the Commission finds either that there was good cause for the failure or that the failure did not prejudice the employer. *Id.* at 84–85.

The most common way for an employee to establish lack of prejudice is for the employee to show that the employer had actual knowledge of the accident when it occurred. *Klopstein v. Schroll House Moving Co.*, 425 S.W.2d 498, 503 (Mo.App.1968). If the employer does not admit actual knowledge, the issue becomes one of fact. *Id.* If the employee produces substantial evidence that the employer had actual knowledge, the employee thereby makes a prima facie showing of absence of prejudice which shifts the burden of showing prejudice to the employer. *Id.* at 503–04. *See also Gander*, 933 S.W.2d at 892.

However, when the claimant does not show either written notice or actual knowledge, the burden rests on claimant to supply evidence and obtain the Commission's finding that no prejudice to the employer resulted. *Klopstein*, 425

S.W.2d at 504. If no such evidence is adduced, we presume that the employer was prejudiced by the lack of notice because it was not able to make a timely investigation. *See Gander*, 933 S.W.2d at 896–97.

Claimant asserts that he adduced evidence that employer was not prejudiced in its ability to conduct an investigation because, after learning that claimant had gone to the dispensary for back injuries on December 27, claimant's supervisor did not conduct an investigation and did not interview the two employees who were with claimant at the time of the injury. Claimant specifically argues: "Because Employer here took no action at the time it learned of [claimant's] potentially compensable injury, its ability to investigate the accident was not prejudiced by a one-month delay in [claimant's] notice." We specifically rejected this argument in *Willis* when we held:

This argument misses the point. The reasoning behind the thirty day notice rule is to give the employer the opportunity for a timely investigation. The prejudice had already occurred when the employer received notice of the alleged work-related injury. Any reference to what employer did or did not do two months after the alleged injury is irrelevant to the issue of whether employer had the opportunity to conduct a timely investigation. We cannot fault the Commission's finding that employer was prejudiced by the late notice that claimant provided.

854 S.W.2d at 85.

Claimant did not adduce any affirmative evidence that the supervisor was able to conduct a thorough and accurate investigation of all witnesses and records two months after the injury. In contrast, in *Seyler v. Spirtas Indus.*, 974 S.W.2d 536 (Mo.App.1998) and *Hannick v. Kelly Temporary Services*, 855 S.W.2d 497 (Mo.App. 1993), on which claimant relies, the claimants produced testimony that company in-

vestigators were able to conduct complete investigations in spite of the delay in receiving notice. Claimant did not produce comparable evidence in this case or any other evidence which would show that the delay did not prejudice the employer's ability to investigate.

The Commission's finding that claimant failed to make a prima facie case that employer was not prejudiced by the lack of opportunity to timely investigate is supported by the record. Point one is denied.

For his second point claimant contends that the Commission misstated the law by stating the following in its separate opinion:

> [T]he fact that [claimant] was not diagnosed with herniated discs until December should not excuse him from the requirement to report the fact he sustained an accident which caused low back pain.... The issue appears to be whether the injury is latent or unknowable rather than does the employee know the specific medical nature of the injury.

Claimant argues that Section 287.420 and Missouri case law do not require the injury to be "latent" in order to excuse the notice requirement and that the Commission erred as a matter of law by requiring that an injury be "latent" in order to show "good cause."

An examination of the language complained of, in the context in which it was made, reveals no misstatement of law. This language is contained in separate sentences of a paragraph at the end of the section of the Commission's opinion which dealt with the question of whether claimant had good cause for failing to report his accident.

In that section the Commission reviewed the facts of a number of cases in which the issue of good cause for late notice was considered. The Commission discussed *Reeves v. Fraser–Brace Engineering Co.,* 237 Mo.App. 473, 172 S.W.2d 274, 278 (Mo. App.1943); *State ex rel. Buttiger v. Haid,*

330 Mo. 1030, 51 S.W.2d 1008 (Mo.1932); and *Beatty v. Chandeysson Electric Co.,* 238 Mo.App. 868, 190 S.W.2d 648 (Mo.App. 1945). In each of these cases a very minor incident triggered a very serious condition which did not manifest itself until after the notification period and the courts held that the injured employees had good cause for failure to report the injury within the required time period.

The Commission then discussed *Brown v. Douglas Candy Co.,* 277 S.W.2d 657 (Mo.App.1955), in which an employee fell at work and experienced a severe pain in her back, which continued for several months. She did not report the accident to her employer until after she was diagnosed with a disc injury. The court held she did not show good cause for not giving timely notice to her employer because, even though she did not know she had a disc injury for several months, she did know that she had painfully injured her back.

After reviewing these cases, the Commission concluded:

> The facts of the *Brown* case are similar to Mr. Soos' situation. Mr. Soos worked in the pancake dryer on October 15, 1995 and experienced back pain. He worked for three days, then called in sick for two days because of his back. He sought medical treatment with his chiropractor and two orthopedic doctors. He stated he was in pain and the pain was more severe than what he had previously experienced and the pain was radiating down his right leg, which was different than before. The fact he was not diagnosed with herniated discs until December should not excuse him from the requirement to report the fact he sustained an accident which caused low back pain. This differs from those cases where a seemingly minor or trivial accident results in a more serious injury than what could be anticipated from the original accident, such as cancer from metal yolks falling on the groin area, gangrene from a lid falling on a toe or

tetanus from stepping on a nail. The issue appears to be whether the injury is latent or unknowable rather than does the employee know the specific medical nature of the injury. Here, employee knew he was hurt and the pain was caused by his employment.

The Commission's analysis (which contains the language claimant complains of) is drawn from the Court of Appeals' opinion in *Brown:*

> The above cases support the proposition that it is "good cause" for failure to give notice within thirty days if the injury did not appear until more than thirty days after the accident. This is based on the theory that the accident was apparently trivial or the condition produced by the accident is a latent one and not reasonably discoverable. In the instant case, the claimant testified that immediately upon slipping and falling, she suffered a severe pain in her back and was unable to continue the type of work she had been doing; that she continued to suffer pain in her back and legs and applied many home remedies to relieve such condition. It is true she did not know that she had injured a disc in her spinal column, if she did, but she did know that she had painfully injured her back and was in constant pain until the operation. Under such circumstances, we believe it became her duty to promptly report the *accident* to her employer. Consequently, the failure to give notice cannot be excused on the ground of "good cause"; and neither the referee or the commission made such a finding.

277 S.W.2d at 662–63.

The Commission did not misstate the law, but merely used the same language as the court did in *Brown.* In particular, it did not, as claimant argues, erroneously rule as a matter of law that the test for notice is whether an injury is latent as opposed to good cause. Further, the focus of the Commission's analysis was that claimant testified that the incident in the pancake dryer caused back pain, that he told others that he hurt his back in the pancake dryer, and that the pain was severe enough to cause him to take off work and seek medical treatment. It held that, under these circumstances, employee did not have good cause to fail to give notice. It referred to cases involving latent injuries to explain why they did not support his argument that his lack of knowledge that he had a disc injury did not establish good cause. Point two is denied.

The Commission's final award denying compensation is affirmed.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J. concur.