**Robert CASS, Claimant–Respondent,**

v.

**CITY OF ROLLA, Employer–Appellant.**

No. 24407.

Missouri Court of Appeals,
Southern District,
Division Two.

May 1, 2002.

Douglas A. Walker, Jr., Mark R. Kornblum, Evans & Dixon, St. Louis, for Appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

The City of Rolla, Missouri, (the city) appeals a workers' compensation award to Robert Cass (claimant) for injury to his neck resulting from an accident that occurred December 1, 1998.[1] The city contends the award should be reversed because claimant failed to provide timely notice of the injury as required by § 287.420.[2] The city further argues that claimant failed to present competent or substantial evidence that proved he sustained an injury to his neck as a result of the accident in question. This court affirms.

---

1. The award was denominated "Temporary or Partial Award." The issue presented by this appeal is the issue of liability as to an alleged cervical spine injury. The city has denied all liability as to that issue. The appeal is directed solely to a question of liability. The award is appealable as to that issue. *Marrone v. Modine Heat and Transfer,* 918 S.W.2d 315, 319 (Mo.App.1996).

2. Statutory references are to RSMo 1994.

Claimant was employed by the city December 1, 1998. He was using a dump truck in connection with that employment when the tailgate of the truck came down on his right hand crushing his fingers. Claimant jerked his hand, pulling off his glove. One of his fingertips was "hanging off." Claimant was treated at the emergency room at Phelps County Regional Medical Center. He was asked what complaints he communicated at the emergency room. Claimant answered, "Well, basically it was just the hand. I was under so much sedation that nothing else hurt. You know, they gave me all sorts of stuff to kill the pain, so . . . ."

Claimant received follow-up care from his family doctor, Dr. Pearson. Claimant testified that when he first saw Dr. Pearson, he told him his neck hurt but Dr. Pearson was more concerned about the hand than anything else. Dr. Pearson told claimant he "might have a pulled muscle or something like that." Dr. Coin performed surgery on claimant's hand later. Dr. Pearson provided post-surgical care.

After his surgery, claimant took pain medication. Most of the pain claimant experienced was in his hand although he had an uncomfortable pain in his neck that "comes and goes." He had not related the neck pain he experienced to the workplace injury. On June 8, 2000, claimant was re-evaluated by Dr. Myers. Claimant's neck would stiffen. He was experiencing numbness on the left side. Dr. Myers x-rayed claimant. Dr. Myers provided a report following his examination of claimant and his review of the x-rays. The report was dated September 29, 2000.

Dr. Myers' report recited that claimant stated his head had been "snapped back very quickly and he suffered neck and shoulder pain" at the time of the December 1998 accident. The report noted that claimant complained of left shoulder pain; that "[x]rays performed in June of [2000] demonstrate disc disease at the C5–C6 levels." Dr. Myers stated the opinion "that [claimant's] disc disease is a result of the work-related injury on 12/01/98." An amended claim was filed July 14, 2000, that alleged claimant's December 1998 accident resulted in injury to his "fingers on right hand and right hand, neck and cervical spine." [3]

The city's first point on appeal is directed to notice requirements of § 287.420 that states: [4]

> No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for

3. The commission's award states the amended claim was filed June 14, 2000. No copy of the amended claim is included in the legal file filed with this court. A copy of the amended claim is included as part of the transcript component of the record on appeal and identified as Employer's Exhibit 6. The date stamp on the document reflects the date it was received by the Division of Workers' Compensation was July 14, 2000. The legal file does include a copy of the city's answer to the amended claim. The date reflected on it as

the date it was received by the Division of Workers' Compensation was August 11, 2000.

4. The city's first point relied on refers to § 287.430; however, the argument portion of its brief that is directed to that point cites § 287.420 for the proposition to which the point is directed and quotes from § 287.420 other than in the concluding paragraph of that argument which recites § 287.430. As best this court can discern, the references to § 287.430 are erroneous and were intended to be references to § 287.420.

failure to give the notice, or that the employer was not prejudiced by failure to receive the notice. No defect or inaccuracy in the notice shall invalidate it unless the commission finds that the employer was in fact misled and prejudiced thereby.

The city contends the Labor and Industrial Relations Commission erred in awarding claimant benefits for his neck injury because claimant failed to comply with the notice requirements of § 287.420; that claimant failed to prove the city was not prejudiced by the lack of timely notice "and failed to demonstrate any good cause for failing to give timely notice of his injury."

■ The purpose of § 287.420 "is to enable the employer to minimize injury by providing medical diagnosis and to facilitate timely investigation of facts surrounding the injury." *Gander v. Shelby County*, 933 S.W.2d 892, 895 (Mo.App.1996); *Hannick v. Kelly Temporary Services*, 855 S.W.2d 497, 499 (Mo.App.1993). The statute provides, however, that a claimant is not disqualified from receiving benefits when the 30–day notice requirement is not met if "the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice." § 287.420..

The commission adopted the award and decision of the administrative law judge as part of its award. The administrative law judge's award and decision includes a section titled "ISSUES." The first "issue" stated is "[w]hether the claimant gave the employer proper notice of a neck injury." That section is followed by "FINDINGS OF FACT" and "CONCLUSIONS OF LAW." The issue of notice with respect to the neck injury is not addressed in the findings of fact. The first conclusion of law states:

1. Whether the claimant gave the employer proper notice of a neck injury.

I find that notice was sufficient. I find this issue in favor of the claimant.

Although the commission did not state with any particularity the basis for its finding that "notice was sufficient" with respect to claimant's neck injury, by its general finding in favor of claimant with respect to his claim of benefits for the neck injury, it necessarily found either that there was "good cause" for his failure to give notice within the 30–day statutory period or that employer was not prejudiced by failure to receive that notice.[5] *See Beatty v. Chandeysson Elec. Co.*, 238 Mo.App. 868, 190 S.W.2d 648, 654 (1945). The issue with respect to Point I is, therefore, whether there is sufficient evidence to support either of those exceptions to the 30–day notice requirement of § 287.420.

Claimant testified he told his family doctor, Dr. Pearson, that he experienced discomfort in his neck when he first saw Dr. Pearson following the accident. He testified he was having neck pain two to three weeks after the accident but did not consider it was caused by the accident at that time. After his neck discomfort worsened, claimant saw Dr. Myers. Dr. Myers examined and treated claimant. It was Dr. Myers' opinion that the neck injury was related to the December 1998 accident.

■ The evidence supports a finding that claimant had good cause in not giving notice of the neck injury within the 30–day

statutory period in that, at the time of the injury, any complaint related to his neck had the appearance of being relatively innocuous. The immediate and apparent injury claimant sustained was the damage to his hand. The evidence before the commission was that the pain from the neck injury did not manifest itself as a disabling injury for a considerable period and that its severity was progressive.

Claimant's situation with respect to his neck injury is akin to that of the employee in *Reeves v. Fraser–Brace Engineering Co.*, 237 Mo.App. 473, 172 S.W.2d 274 (1943). In *Reeves*, the employee stepped on a nail. Believing the injury to be nothing of concern, he did not report the injury. He later developed tetanus and died. The court in *Reeves* held that good cause for failing to report an injury exists if an employee honestly believes nothing serious has happened to the employee although the injury is later determined to be serious. 172 S.W.2d at 279.

■ Questions relative to the applicability of the workers' compensation statutes are to be resolved in favor of the injured employee. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983). Mindful of the purpose of The Workers' Compensation Law, this court finds the rationale of *Reeves* apropos to the facts of this case insofar as the injury claimant sustained to his neck is concerned. The evidence supports a determination that there was good cause for claimant's failure to timely report the injury. Point I is denied.

■ Point II of the city's appeal argues the commission erred in awarding claimant workers' compensation benefits for his neck injury because the evidence in support of the claim was not competent or substantial and lacked credibility. The commission found that claimant's neck injury was a result of the December 1998 accident based on his testimony and the medical evidence adduced from Dr. Myers. This court finds the evidence that the neck injury was the result of the accident in question is substantial. To the extent it conflicts with other evidence, this court defers to the commission's determination concerning weight of evidence and matters of credibility. *Lane v. Schreiber Foods, Inc.*, 903 S.W.2d 616, 623 (Mo.App.1995); *Cole v. Town & Country Exteriors*, 837 S.W.2d 580, 583 (Mo.App.1992). Point II is denied. The award is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.