ARAMARK EDUCATIONAL SERVICES, INC., et al.,
Appellants,

v.

Leotha FAULKNER, Respondent.

No. ED 99439.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 3, 2013.

David I. Hares, Robert J. Amsler, Jr., St. Louis, MO, for appellant.

Samuel W. Eveland, St. Louis, MO, for respondent.

ROY L. RICHTER, Judge.

Aramark Educational Services, Inc. ("Employer") and Indemnity Insurance Company of North America, Inc. ("Insurer") appeal from the final order of the Labor and Industrial Relations Commission ("Commission") awarding Leotha Faulkner ("Claimant") temporary total disability benefits and 20% permanent partial disability benefits as a result of an injury Claimant sustained while working for Employer. We reverse and remand.

## I. BACKGROUND

Claimant worked for Employer as a custodian for the past seven years on the campus of Washington University in St. Louis ("Washington University"). On or about January 29, 2010, Claimant slipped and fell on black ice while walking between two buildings on Washington University's campus. After falling on her right knee, Claimant picked herself up and returned to work. Believing herself to be uninjured, Claimant did not immediately report the incident to her supervisor or Employer.

Roughly ten days later, Claimant noticed her right leg was swollen. However, Claimant, again, did not report anything regarding her now apparent injury or the facts surrounding her fall to her supervisor or Employer. Instead, on February 18, 2010, Claimant sought medical advice and treatment from her primary care doctor. After medical evaluation, Claimant's primary care doctor provided Claimant with a knee brace and referred Claimant

to Dr. Clayton Perry ("Dr. Perry") for further evaluation. On March 25, 2010, Claimant was evaluated by Dr. Perry, who determined that Claimant had suffered a torn lateral meniscus and recommended surgery. Surgery to repair Claimant's injuries occurred on April 8, 2010. After surgery, Claimant underwent physical therapy and received injections in her knee. Claimant was unable to work between April 8, 2010, and June 2, 2010.

Prior to her April 8th surgery, Claimant, on March 31, 2010, informed her Employer of her injury and the incident leading to her injury. At the time of reporting her injury to Employer, Claimant signed a document acknowledging she had first reported the injury to Employer on March 31, 2010. Employer offered Claimant the opportunity to receive medical treatment, but Claimant denied the offer due to her already scheduled surgery.

Unfortunately, the April 8, 2010, surgery failed to resolve Claimant's injury, and, thereafter, Claimant underwent a total knee replacement in August 2011. Currently, while Claimant suffers lingering effects from her injury, she is still employed and working for Employer.

Due to Claimant's inability to work between April 8, 2010, and June 2, 2010, and due to lasting effects of her injury, Claimant filed a claim for workers' compensation. An Administrative Law Judge (ALJ) for the Division of Workers' Compensation denied Claimant benefits on the ground that Claimant failed to provide proper notice of the injury, pursuant to Section 287.420. On appeal, the Commission reversed the ALJ's decision and awarded Claimant 7 and 6/7 weeks of temporary disability benefits from April 8, 2010, through June 2, 2010, and 20% permanent partial disability benefits rated at the right knee.

Employer now appeals.

## II. DISCUSSION

In Employer's sole point on appeal, Employer charges error in the Commission's decision that Claimant's failure to provide timely written notice of injury, pursuant to Section 287.420, did not prejudice Employer. Specifically, Employer contends that the Commission's judgment awarding Claimant 20% permanent partial disability and temporary total disability was not premised upon substantial and competent evidence, in that Claimant's untimely notice prejudiced Employer.

*Standard of Review*

■ Upon review from a decision in a workers' compensation proceeding, an appellate court may modify, reverse, remand for rehearing, or set aside the decision of the Commission upon the following grounds and no other:

(1) That the Commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the Commission do not support the decision; or

(4) That there was not sufficient competent evidence in the record to warrant the decision.

*See* Section 287.495, RSMo Cum.Supp. 2012;[1] *see also Abt v. Mississippi Lime Co.*, 388 S.W.3d 571, 577 (Mo.App.E.D. 2012).

■ The Court reviews and examines the entire record to determine if there is "sufficient competent and substantial evidence" to support the Commission's award, or whether the Commission's award is con-

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp.2012.

trary to the "overwhelming weight of the evidence." *Hutson v. Treasurer of Mo. as Custodian of Second Injury Fund*, 365 S.W.3d 269, 272 (Mo.App.E.D.2012). While we defer to the Commission on issues of fact and witness credibility, we owe no deference to the Commission's interpretation and application of the law and review *de novo* questions of law, including issues of statutory interpretation. *Beine v. Cnty. of St. Charles*, 353 S.W.3d 704, 707 (Mo.App.E.D.2011).

### Analysis

In its sole point on appeal, Employer contends Claimant should be denied all benefits pursuant to The Workers' Compensation Law, Section 287.010, *et seq.*, because Claimant failed to give Employer timely notice of the injury as required by Section 287.420.

■ Disposition of the case begins with analysis of the statute itself. In relevant part, Section 287.420 provides:

> No proceedings for compensation for any accident under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, has been given to the employer no later than thirty days after the accident, unless the employer was not prejudiced by failure to receive the notice....

The purpose of Section 287.420 "is to give the employer timely opportunity to investigate the facts surrounding the accident and, if an accident occurred, to provide the employee medical attention in order to minimize the disability." *Doerr v. Teton Transp., Inc.*, 258 S.W.3d 514, 527 (Mo. App.S.D.2008); *see also Messersmith v. Univ. of Mo.-Columbia/Mt. Vernon Rehab. Ctr.*, 43 S.W.3d 829, 832 (Mo. banc 2001).[2]

■ Generally, pursuant to Section 287.808, the employer has the burden of establishing any affirmative defense, which includes statutory notice of injury under Section 288.420. Section 287.808; see also *Snow v. Hicks Bros. Chevrolet Inc.*, 480 S.W.2d 97, 100 (Mo.App.1972). However, once the employer establishes lack of written notice or lack of timely written notice as required by Section 287.420, the burden shifts back to the claimant. *See Allcorn v. Tap Enter., Inc.*, 277 S.W.3d 823, 831 (Mo. App.S.D.2009) ("The final sentence of Section 287.420 saves a failed attempt at notice"). At that point, the claimant must establish that his or her failure to give notice or timely written notice did not prejudice the employer. *Soos v. Mallinckrodt Chem. Co.*, 19 S.W.3d 683, 686 (Mo. App.E.D.2000).[3] A claimant can prove lack of prejudice in one of two ways.

■ First, if the claimant proffers substantial evidence that the employer had "actual knowledge" of the injury, there is no need for written notice. *Hall v. G.W. Fiberglass, Inc.*, 873 S.W.2d 297, 298 (Mo. App.E.D.1994). This option has been coined as the "prima facie" showing of no prejudice. *Willis v. Jewish Hosp.*, 854 S.W.2d 82, 85 (Mo.App.E.D.1993). Accordingly, if the employer admits or the claimant proffers substantial evidence demonstrating that the employer had "actual knowledge of the accident *at the time*

---

**2.** We cite several cases herein that were among many overruled by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 224–32 (Mo. banc 2003). Such cases do not otherwise conflict with *Hampton* and are cited for legal principles unaffected thereby; thus, we will not further note *Hampton's* effect thereon.

**3.** The "good cause" excuse for failure to provide timely notice was eliminated by the legislature in 2005 by S.B. 130 (2005). *See* S.B. 130 (2005); *Compare* Section 287.420 (2013) with Section 287.420 (2004).

*it occurred* it has been held that employer could not have been prejudiced by a failure to receive the statutory written notice, and compensation has been allowed." *Klopstein v. Schroll House Moving Co.*, 425 S.W.2d 498, 503 (Mo.App.1968) (emphasis added). Consequently, "if a claimant makes a prima facie showing of no prejudice, the burden [again] shifts to the employer to show prejudice." *Hannick v. Kelly Temp. Serv.*, 855 S.W.2d 497, 499 (Mo.App.E.D.1993).

 Second, if the employer does not admit actual knowledge and the claimant does not present substantial evidence of the employer's actual knowledge of the injury, the issue of notice becomes one of fact and the claimant bears the burden of proving lack of prejudice. *Soos,* 19 S.W.3d at 686; *see also Farmer–Cummings v. Future Foam, Inc.*, 44 S.W.3d 830, 836 (Mo.App.W.D.2001) (written notice to the employer of a work-related accident is not a prerequisite for recover where the employer suffers no prejudice). Under this second option, "the Commission must hear evidence on the issue and the [claimant] bears the burden of proof of lack of prejudice." *Pursifull v. Braun Plastering & Drywall*, 233 S.W.3d 219, 223 (Mo.App. W.D.2007). The claimant must produce competent and substantial evidence that the employer was not prejudiced by the lack of a timely notice in order to shift the burden, again, to the employer. *Klopstein,* 425 S.W.2d at 503–04. If no such competent and substantial evidence is adduced, the employer is presumed to have been prejudiced by the untimely notice of injury. *Soos,* 19 S.W.3d at 686.

Prior to Claimant's hearing before the Administrative Law Judge (ALJ) of the Division of Workers' Compensation, the parties agreed to nine (9) stipulations. Relevant to the issues on appeal are the following stipulations:

1. On or about January 29, 2010, Leotha Faulkner (Claimant) sustained an accidental injury arising out of and in the course of employment that resulted in injury to Claimant.

2. Claimant was an employee of Aramark Educational Services, Inc. (Employer)

 \* \* \*

8. If Employer's notice defense fails, Claimant is entitled to receive $1,895.06 in temporary total disability (TTD) benefits for the period of time of April 8, 2010 through June 2, 2010 or 7[and] 6/7 weeks.

9. If Employer's notice defense fails, Claimant is entitled to receive $7,718.08 for 20% permanent partial disability of the right knee.

The ALJ denied Claimant's request for worker's compensation because she failed to comply with the statutory notice requirement contained in Section 287.420. The Commission, finding in favor of Claimant, reversed the decision of the Administrative Law Judge (ALJ) writing, in part:

In this case, employee concedes that she failed to provide proper, timely notice under § 287.420 RSMo. Employee's only argument on appeal is that employer was not prejudiced by her failure to do so. In support of said argument, employee points to the fact that employer stipulated to every factual issue in this case that could speak to compensability. Therefore, employee argues, the evidence she is statutorily required to provide with respect to proving a lack of prejudice was provided by stipulation in this matter.

In response to employee's contention that no prejudice resulted from her failure to provide proper notice, employer raises numerous arguments alleging that it was, in fact, prejudiced.

\* \* \*

Employer stipulated that the injury occurred when and how employee alleges, and that as a result of the accidental work injury employee sustained 20% permanent partial disability of the right knee. By stipulation, employer concedes that employee's injury on January 29, 2010, arose out of and in the course of her employment. If employer believed that causation was an issue in question, it should not have stipulated to that issue at the hearing. Further, if employer believed that employee failed to wear her non-slip footwear in violation of its safety rules, it needed to pleads the same as an affirmative defense under § 287.120 RSMo. *See Carver v. Delta Innovative Services,* [379 S.W.3d 865 (Mo.App. W.D.2012) ].

Employer argues that it only stipulated to the aforementioned because it had no evidence to contradict employee's version of the facts, but argues that it is *because* of employee's failure to provide timely notice that it was unable to timely investigate the accident to obtain said contradictory evidence. We do not find this argument persuasive. It is employee's burden to prove her entitlement to compensation. If employer questioned the circumstances surrounding how the accident occurred, it should not have stipulated to every fact concerning the same.

With respect to employer's contention that it was prejudiced by its inability to secure the scene of the accident and address the injury at its safety meeting, we find that employer has pointed out the potential for prejudice, but did not point to *actual prejudice* as a result of employee's untimely notice. If another individual was injured in the same location that employee was injured and employer could have prevented said injury had employee provided proper notice,

this would represent prejudice. However, employer is merely pointing to the possibility that it *could have* suffered prejudice due to employee's untimely notice and we do not find this argument persuasive.

\* \* \*

We reverse the ALJ's award and find that while the employee failed to provide employer with timely notice of her accident, employee met her burden of proving that employer did not suffer any prejudice as a result of the same.

\* \* \*

(emphasis in original).

 Axiomatically, "to be compensable under worker's compensation, an employee's injury must arise out of and in the course of his [or her] employment." *Roberts v. Parker–Banks Chevrolet* 58 S.W.3d 66, 69 (Mo.App.E.D.2001). Employer and Claimant stipulated that Claimant suffered an *injury* that was caused by an accident; this was not in dispute. However, before determining whether an injury is compensable under worker's compensation, the employer must receive timely notification of the injury or a claimant must prove an employer was not prejudiced by an untimely notification of the injury. *See* Section 287.420 ("No proceedings for compensation for any accident under this chapter shall be maintained unless . . ."); *see also Fowler v. Monarch Plastics,* 684 S.W.2d 429, 431 (Mo.App. E.D.1984) ("Without timely notice to the employer of injury to an employee, the wheels of the process involving workmen's compensation do not grind."). Resultantly, notification of the accident is a condition precedent to an award under worker's compensation. *See Orth v. Stoebner & Permann Const., Inc.,* 724 N.W.2d 586, 597 (S.D.2006) ("Notification of an injury, either written or by way of actual knowledge, is 'a condition prece-

dent to compensation.' "); *Burke v. Indus. Comm'n*, 368 Ill. 554, 15 N.E.2d 305, 307 (1938) (notice of the injury within thirty days is a condition precedent to the right to maintain a proceeding under the statute).

■ Here, because it was undisputed Claimant failed to provide Employer with proper, timely notice of the injury within thirty days as required by Section 287.420, Claimant was required to prove a lack of prejudice; this was the issue in dispute. The Commission found, and Claimant argues, Employer was not prejudiced by the lack of notice due to the fact that Employer "stipulated to every factual issue in this case that could speak to compensability." However, the Commission and Claimant conflate these two different requirements—(1) timely notification or lack of prejudice from an untimely notification and (2) injury occurring in the course and scope of employment—that must be proven by a claimant in order to be entitled to an award under worker's compensation. Contrary to the Commission's analysis, Employer did not stipulate to a lack of prejudice, nor was substantial and competent evidence proffered by Claimant that Employer was not prejudiced by Claimant's untimely notice of injury. *Cf. Adamson v. DTC Calhoun Trucking. Inc.*, 212 S.W.3d 207, 209 n. 3 (Mo.App.S.D.2007) (parties stipulated that *both* the claimant was injured in the course and scope of employment *and* claimant timely notified employer). Rather, the Commission equates Employer's admission of Claimant's injury occurring in the course and scope of her employment with an admission of no prejudice. The two are not the same. *See Lawson v. Emerson Elec. Co.*, 809 S.W.2d 121, 125 (Mo.App.S.D.1991) ("Whether an accident happened is not the same issue as whether the employer received notice of an accident. Even a ficti-

tious accident can be reported and, or course, there may be no report of an actual accident."). Admission of a claimant's injury does not relieve a claimant of his or her duty to establish lack of prejudice to the employer for an untimely notice. After all, a claimant's duty to prove timely notice, or lack of prejudice from an untimely notice, is a condition precedent— one in which the claimant bears the burden. Thus, the issue of proving the injury occurred during the course and scope of a claimant's employment is a *non sequitur* with regards to whether an employer was prejudiced by a claimant's untimely notification of injury. By relying on this, the Commission has fallen prey to the fallacy of *ignoratio elenchi*—reliance on irrelevant evidence proving an unrelated point instead of the point at issue. The fact that Employer stipulated to Claimant's injury occurring in the course and scope of her employment in no way proves the untimely notice of Claimant's injury resulted in no prejudice to Employer; it only proves Claimant was injured in the course and scope of her employment.

The Commission strayed from the pertinent inquiry—whether Claimant could prove her untimely notice caused no prejudice to Employer. Ostensibly, the Commission erroneously concluded and assumed Employer was not prejudiced by Claimant's untimely notice because of Employer's stipulation to Claimant's injury, and, thereby, shifted the burden on Employer to prove prejudice. This is evidenced by the Commission's decision, *supra*. First, the Commission's analysis is wanting of any facts which prove the Claimant presented evidence of no prejudice, besides the stipulations. *See, supra* ("Therefore, employee argues, *the evidence she is statutorily required to provide with respect to proving a lack of prejudice was provided by stipulation in this matter.*") (emphasis added). Instead,

the Commission summarily accepts Claimant's proposition that there was no prejudice. *See, supra* ("In response to *employee's contention that no prejudice resulted* ...") (emphasis added). As duly noted by the Commission, Claimant's "no prejudice-argument" was a *contention,* not an evidenced-based result. Second, almost the entirety of the Commission's analysis delves into the Employer's arguments for proving prejudice. However, the burden could not have been shifted to the Employer to prove prejudice, because Claimant had not yet offered any evidence to prove a lack of prejudice. *Soos,* 19 S.W.3d at 686 ("If no such evidence is adduced, we presume that the employer was prejudiced by the lack of notice because it was not able to make a timely investigation."). In other words, the Commission shifted and placed the burden upon the Employer prematurely. Claimant did not meet her burden, and the Commission's judgment is factually unfounded.

 Claimant advanced no arguments either at the hearing or before this Court of no prejudice, besides the stipulations (which do not support Claimant's "no prejudice-argument"). Indicatively, Claimant, on appeal admits as much:

> The facts of her [Claimant's] work accident were stipulated to by the Appellant. Technically, any such evidence would be objectionable for lacking relevance or being cumulative because the facts of the "work accident" were not at issue. The Respondent has provided evidence of the where, what, why, when, and how of the work accident, and Appellant made no issue of any of that testimony at hearing. Had Appellant

left any facts at issue, the Respondent would have provided additional evidence. *The evidence was, again, **unnecessary** due to the breadth of the factual stipulations.*

(emphasis added). To the contrary, evidence of "no prejudice" was completely necessary and relevant in order to shift the burden to Employer to prove prejudice.[4]

For support, Claimant relies upon *Hannick v. Kelly Temporary Services,* 855 S.W.2d 497 (Mo.App.E.D.1993). In *Hannick,* the injured claimant, provided notice of his injury 42 days after injury. *Id.* at 498–99. The employer denied claimant's request of worker's compensation because of the late notice, and failed to offer the claimant medical treatment. *Id.* at 499. The Commission, however, found the claimant had met his burden of showing the employer was not prejudiced by the late notice because: (1) the late notice did not hinder the employer's ability to minimize the injury by providing the employee with prompt medical treatment; *and* (2) the employer admitted that it was not hindered in its ability to investigate. *Id.*

The facts of the case at bar are distinguishable from *Hannick.* Claimant presented no evidence that Claimant's untimely notice resulted in no prejudice regarding Employer's need to offer Claimant medical attention and treatment in order to minimize the disability. Claimant was offered medical treatment after untimely notifying Employer, but refused because her surgery was already scheduled. Unlike the employer in *Hannick,* here, Employer sought to minimize

---

4. "The statute, it is true, allows the failure to give this notice to be excused if it appears that the employer and the insurance company have not been prejudiced by such failure, but on principle as well as on authority the burden must rest upon the claimant who has

been guilty of such default to supply the evidence and secure a finding that no such prejudice has resulted." *Brown v. Douglas Candy Co.,* 277 S.W.2d 657, 664 (Mo.App.1955) (quoting *Bloomfield v. November,* 223 N.Y. 265, 119 N.E. 705, 706 (1918)).

employee's injury by offering her medical treatment and control of the medical treatment, but Claimant denied the offer and request. The fact that Employer was denied the opportunity to give Claimant timely medical attention is prejudicial.[5] While Employer's stipulation to Claimant's injury may be evidence that Employer's investigation of the accident was not prejudiced by the late notification,[6] this Court has found no case which has held that a claimant's scant evidence of no prejudice with respect to the employer's investigation is sufficient to shift the burden to the employer to prove prejudice. Rather, all the cases which have shifted the burden to an employer to prove prejudice—where there was untimely notice—have required the claimant to present evidence of no prejudice to *both* the employer's investigation *and* the employer's need to provide medical treatment to the claimant to minimize disability. *See e.g., Hannick,* 855 S.W.2d at 499 ("The evidence supports the conclusion that late notice (1) did not hinder Employer's ability to minimize the injury by providing Claimant with prompt medical treatment, *and* (2) did not hinder Employer's ability to make timely investigation of the case.") (emphasis added); *Seyler v. Spirtas Indus.,* 974 S.W.2d 536, 538 (Mo.App.E.D. 1998) ("Here, claimant did produce sufficient evidence that his failure to provide written notice did not hinder employer's ability to conduct a thorough and accurate investigation.... However, claimant failed to produce any evidence that his failure to provide written notice did not hinder the employer's ability to minimize his injury."); *Enyard v. Consol. Underwriters,* 390 S.W.2d 417, 422 (Mo.App. 1965) (finding no prejudice to employer because untimely notice did not effect employer's investigation or employer's opportunity to provide prompt medical care);

Upon reviewing the whole record, this Court concludes Claimant provided no evidence of the lack of prejudice. If no such competent and substantial evidence is adduced, the employer is presumed to have been prejudiced by the untimely notice of injury. *Soos,* 19 S.W.3d at 686. Even, if we assume, *arguendo,* Claimant offered some evidence of no prejudice, there was not sufficient and competent evidence in the record to warrant the Commission's decision. Conversely, there was substantial and competent evidence adduced that Employer had no opportunity to timely investigate or provide timely medical treatment-both indications of prejudice which Claimant chose not to rebut.

Finding Claimant failed to proffer substantial and competent evidence, Claimant failed to meet its burden of proving "no prejudice." Employer did not have to prove prejudice until Claimant proved no

---

**5.** While Claimant sought medical treatment independently, Claimant's deliberate decision to conceal the fact that she suffered a work-related injury beyond the thirty-day notice requirement (even though she knew she was injured), defeats the purpose of Section 287.420 because Employer did not have the opportunity to minimize the disability or monitor and manage the employee's medical treatment.

**6.** We cast significant doubts upon this assumption:

The reasoning behind the thirty day notice rule is to give the employer the opportunity for a timely investigation. The prejudice had already occurred when the employer received notice of the alleged work-related injury. Any reference to what employer did or did not do two months after the alleged injury is irrelevant to the issue of whether employer had the opportunity to conduct a timely investigation.

*Soos,* 19 S.W.3d at 686 (quoting *Willis,* 854 S.W.2d at 85).

prejudice. The Commission misinterpreted and misapplied the burden of proof. We hold the Commission's decision was not supported by competent and substantial evidence and was a misapplication of the law. Employer's point is granted.

### III. CONCLUSION

The judgment of the Commission awarding Claimant temporary total disability benefits and 20% permanent partial disability benefits is reversed and remanded to the

Commission with directions to set aside its award and enter, in lieu thereof, its order denying compensation benefits herein.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., concur.